## 6143.  STEPHENS v. THE STATE.

WADE, J.  1. On a trial for robbery, the admission in evidence of three bottles of whisky, obtained from the person of the accused when he was arrested without a warrant and searched, was not so prejudicial to his legal rights as to demand a new trial. So far as appears, he had the liquor in his possession for legitimate purposes, and no State law or municipal ordinance was thereby violated by him; and hence this possession could not have influenced the opinion of the jury as to his guilt or innocence of the crime of robbery. If there was error in admitting this evidence, the error was harmless.

2. Viewing the charge of the court as a whole, there is no substantial merit in any of the exceptions based upon excerpts therefrom, or in the exceptions based upon the failure of the court to charge certain abstract propositions, in the absence of a timely written request.

3. The defendant sought to prove an alibi, and there was no error in permitting the prosecuting attorney, on cross-examination of the witnesses relied upon to establish this defense, to sift them thoroughly as to the whereabouts of the defendant on the night of the crime, and incidentally

to test their memory and the correctness of their recollection, as well as the probability of their statements as to the nature and character of the defendant's employment on that night, and to interrogate them as to the length of time he had worked at the particular place at which he claimed to have been at the hour of the commission of the crime.

4. The trial was free from error calculated to prejudice the rights of the defendant, and the evidence was amply sufficient to sustain the verdict.

*Judgment affirmed.*

DECIDED MARCH 18, 1915.

Indictment for robbery; from Fulton superior court—Judge B. H. Hill.   October 10, 1914.

*Morris Macks,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, E. A. Stephens,* contra.