### 31493. FLEMING v. THE STATE.

MacINTYRE, J. 1. The evidence authorized the verdict finding the defendant guilty of carrying on a lottery in violation of the Code, § 26-6502.

2. The accusation charged a violation of § 26-6502, and the evidence authorized a verdict of guilty of the offense as charged. Even if the evidence also authorized a verdict of guilty of violating § 26-6501, which violation was not charged in the accusation, it was not error to fail to charge § 26-6501. *Mosley* v. *State,* 65 *Ga. App.* 800, 804 (16 S. E. 2d, 504); *Collins* v. *State,* 66 *Ga. App.* 325, 328 (18 S. E. 2d, 24); *Carr* v. *State,* 13 Ga. 328; *Martin* v. *State,* 123 *Ga.* 478 (51 S. E. 334).

3. It was not error, in the absence of a request, to fail to charge that, "In the commission of a crime or misdemeanor, there must be a union or joint act and intention or criminal negligence" (Code, § 26-201), where the court fully charged on the essential elements of the crime with which

the defendant was charged. *Bennett* v. *State*, 49 *Ga. App.* 804 (4) (176 S. E. 148); *Hagood* v. *State*, 5 *Ga. App.* 80, 87 (62 S. E. 641).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED MARCH 8, 1947.

*James N. Rahal,* for plaintiff in error.
*Andrew J. Ryan Jr.,* Solicitor-General, contra.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

