## 47221. DIAMOND v. THE STATE.

EVANS, Judge. The defendant was tried on an accusation charging him with simple assault. He was convicted and sentenced to serve seven months in the public works camp and five months on probation. In substance, the testimony of the State was that during a riot or near-riot during a "peace-march" in the City of Columbus, the defendant, a photographer for a local Columbus newspaper, struck a policeman with a camera, and thereafter several policemen were required in order to subdue him. The testimony offered by the defense was that the

defendant did not resist arrest, did nothing, but was beaten severely about the head and body by several policemen.

A motion for new trial was duly filed, amended and thereafter heard and overruled. The defendant appeals from the judgment of conviction and sentence. *Held:*

1. The evidence did not require the court to charge on "accident," "justification," "misfortune," or "good character," as none of the above was made an issue in the case. The defendant testified that he did nothing to cause the police to attack him, merely being present to take pictures, but this is not sufficient to put his character in issue. Justification was not a defense, because he testified positively that he never struck the policeman. Nor did the defendant's contention involve accident or misfortune. None of these questions is involved in this case and none of the errors enumerated thereon is meritorious.

2. The defendant contends "intent" is an essential ingredient of every crime, and the jury was not properly instructed so they could have the necessary understanding of the definition of a crime in order to arrive at a correct decision of guilt or innocence. The defendant denied he ever hit the officer. Where the court charges on the essential elements of a crime with which the defendant is charged, it is not error to fail to charge that the law requires a combination of a criminal act and intent, especially where the charge does include instructions to the jury on the requirements of the offense in question. *Fleming v. State,* 74 Ga. App. 864 (3) (41 SE2d 824); *Tucker v. State,* 94 Ga. App. 468, 471 (95 SE2d 296); *Nestor v. State,* 122 Ga. App. 290 (3) (176 SE2d 637). There was no written request to charge; thus the charge as given was not erroneous.

3. The defendant contends the burden was on the State to introduce in evidence the camera with which he allegedly struck the police officer. The State, especially in the absence of any demand to produce, should be permitted to determine what evidence, oral, physical or otherwise, it

will introduce in the case. It cannot be said that reversible error was committed by the State in not introducing the camera in evidence. See in this connection *Williams v. State,* 12 Ga. App. 84 (76 SE 785).

4. The State's evidence proved a clear case of battery, and under *Code* § 27-2508, the defendant could not be convicted of an assault or an attempt to commit a crime where he actually perpetrated the offense attempted. "Where the evidence shows no assault other than one consummated by a completed battery, a verdict of simple assault is not lawful." *Harris v. State,* 3 Ga. App. 457 (60 SE 127). See also *Owens v. State,* 9 Ga. App. 441 (2) (71 SE 680); *Kennedy v. State,* 10 Ga. App. 794 (74 SE 95); *Brooking v. State,* 33 Ga. App. 49 (125 SE 504); *Kelsey v. State,* 62 Ga. 558; *Popham v. State,* 120 Ga. App. 517 (1) (171 SE2d 388). Therefore, the conviction of simple assault, where the evidence shows that a battery occurred, is contrary to law, and the lower court erred in failing to grant the motion for new trial.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*
SUBMITTED MAY 22, 1972—DECIDED JUNE 19, 1972—
REHEARING DENIED JULY 5, 1972.

*Grogan, Jones & Layfield, John C. Swearingen, Jr.,* for appellant.

*Thomas W. Hughey, Solicitor, Barschall Andrews,* for appellee.

