## 50115. ECHOLS v. THE STATE.

CLARK, Judge.

Defendant was convicted under a two-count felony indictment for assault with intent to murder and for terroristic threats. Following denial of his motion for new trial, defendant appealed. The appeal is specified to be from the original judgment and sentence.

The victim of these crimes testified that he shared a prison cell with the defendant, a cohort of the defendant and several others; that defendant and his cohort twice within a matter of minutes inflicted severe beatings upon him; and that during a four-minute hiatus between the first and second beating, defendant said: " 'Let's go ahead and kill him; that way he won't be able to talk. . . Just let me do it; just let me do it; I won't get any more out of it.' " This testimony was corroborated by that of another cellmate who averred defendant said: " 'We ought to go ahead and kill him; it wouldn't make any difference to me, you know, I've got life and twenty years, you know; let's get rid of him; he's going to tell on us anyway.' "

1. The state, relying upon *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281), contends that since defendant did not assign error upon the denial of his motion for new trial, no question is presented for decision in this court. This contention is without merit. "Until the rules of the Court of Appeals and those of the Supreme Court were amended March 2, 1972, the motion might have been good and a dismissal might have resulted. However, by Rule 14 (e) now providing that 'The enumeration of errors shall be deemed to include and present for review all judgments

necessary for a determination of the errors specified,' the rule of *Hill v. Willis* is superseded." *Slay v. Brady,* 126 Ga. App. 249 (190 SE2d 445); *Buffington v. McClelland,* 130 Ga. App. 460, 466 (8) (203 SE2d 575).

2. Defendant argues that his conviction for terroristic threats was unjustified because Code Ann. § 26-1307 "is meant to describe conduct which would be of a much more serious nature than a mere threat to an individual person." We disagree. Code Ann. § 26-1307 (a) plainly states: "*A person commits a terroristic threat when he threatens to commit any crime of violence,* or to burn or damage property, *with the purpose of terrorizing another,* or of causing the evacuation of a building, place of assembly, or facility of public transportation. . ." (Emphasis supplied.)

3. Defendant contends his conviction for aggravated assault with intent to murder is unlawful because a battery was completed upon the victim. In support of this contention defendant relies upon *Diamond v. State,* 126 Ga. App. 580 (191 SE2d 492), wherein this court ruled a conviction of simple assault is contrary to the law where the evidence shows a battery was consummated.

Defendant's reliance upon *Diamond* is unfounded. That decision was predicated upon Code § 27-2508 which states: "No person shall be convicted of an assault with intent to commit a crime, or any other attempt to commit any offense, when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault, or in the pursuance of such attempt." As defendant was convicted of *aggravated assault* with intent to murder, and as the intended crime (murder) was not perpetrated, Code § 27-2508 would not be a bar to defendant's aggravated assault conviction.

Moreover, although Code § 27-2508 has not been specifically repealed, it has been superseded by Code Ann. §§ 26-1303 and 26-1004. Code Ann. § 26-1303 states: "A person may be convicted of an assault with intent to commit a crime if the crime intended was actually committed as a result of the assault but may not be convicted of both the assault and completed crime." Code Ann. § 26-1004 deals similarly with "criminal attempt."

See also the committee notes to these sections.

4. Defendant contends his conviction for aggravated assault and conviction for terroristic threats amount to multiple convictions for the same conduct in violation of Code Ann. § 26-506 (a).

Code Ann. § 26-506 (a) recites: "When the same conduct may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." Applying these proscriptions to the case at hand, we find defendant's contention to be without merit.

The crime of terroristic threats is not included within the crime of aggravated assault with intent to murder. Each crime involves proof of separate and distinct essential elements. One may commit aggravated assault with intent to murder without uttering threats designed to terrorize his victim. See *Thomas v. State,* 128 Ga. App. 538, 541 (2) (197 SE2d 452). The crimes are mutually independent and each is aimed at prohibiting specific conduct. Compare *Johnson v. State,* 130 Ga. App. 134 (202 SE2d 525).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED JANUARY 10, 1975 — DECIDED FEBRUARY 14, 1975 — REHEARING DENIED MARCH 10, 1975 —

*Leonard Cohen,* for appellant.

*William H. Ison, District Attorney, J. W. Bradley, Assistant District Attorney,* for appellee.