## 51827. COLEMAN v. THE STATE.

CLARK, Judge.
Defendant was convicted of the burglary of a building owned by Goodyear Tire & Rubber Company. He appeals from the denial of his amended motion for a new trial and from the judgment. Enumerated as error are the general grounds, the denial of defendant's motion for a directed verdict of acquittal, and various portions of the court's charge to the jury. *Held:*

1. Officer Green apprehended defendant within one block of the burglarized Goodyear Store while he was carrying a television set. At the time of his capture, defendant's finger was bleeding profusely and he was taken to a hospital. Investigation revealed the window of

the Goodyear Store had been broken and the interior of the store was filled with blood. The store manager identified the television set defendant was carrying as one owned by Goodyear and missing from the burglarized establishment. In addition, following his arrest defendant was observed in the hospital attempting to conceal a sales tag which was identified as having been on the stolen television.

Defendant denied possession of the television and contended at trial that he was merely walking past the Goodyear Store on the opposite side of the street. He further stated he had accidentally cut his finger with a beer bottle. However, in previous statements given to the police, he asserted that someone had cut him with a knife in front of the Goodyear Store, that someone had pushed him through the store window, and that he had found the television set.

Defendant's contradictory assertions failed to explain his possession of the television or the sale tag and do not raise a reasonable hypothesis of innocence consistent with the circumstantial evidence presented. The evidence showing defendant's possession of the stolen item and of the sale tag, shortly after the burglary and within a block of the burglarized store, together with the circumstance of defendant's bleeding finger and the blood-filled store, was sufficient to authorize the jury's verdict. Accordingly, the trial court's refusal to grant a new trial on the general grounds and its refusal to direct a verdict of acquittal are not error.

2. Defendant contends that the court's instruction on alibi was erroneous in that it was unwarranted by the evidence. At trial, however, defendant contended that he had been at a bar earlier in the evening and had not walked by the Goodyear Store until he was arrested (after the burglary). This testimony sufficiently raised an assertion of alibi. Even if it did not, however, the court's instruction on this matter could only have benefited defendant by giving him an additional basis upon which the jury could have formed a reasonable doubt as to his guilt. As defendant has shown neither error nor harm, this enumeration is without merit.

3. The trial court instructed the jury on the

provisions of Code § 26-801 involving parties to a crime. Contrary to defendant's contention, the evidence warranted this charge. Defense counsel, in his cross examination of Detective Hesser, brought out the fact that numerous televisions which had been taken during the burglary had not been recovered. Defense counsel also asked the detective whether, in his opinion, "there may have been additional people involved" in the burglary. (T. 59). The detective's affirmative reply to this question, together with the other circumstances of this case, formed a sufficient basis for an instruction on parties to a crime. See *Montgomery v. State,* 128 Ga. App. 116, 117 (3) (195 SE2d 784).

4. Defendant's contention that the court's charge on unexplained possession of recently stolen goods constituted an expression of opinion is without merit. "To declare the law applicable to a given state of facts, is no expression or intimation of opinion as to whether any of the facts referred to do or do not exist in the case on trial." *Yarborough v. State,* 86 Ga. 396 (2) (12 SE 650); *Brawner v. State,* 81 Ga. App. 163 (58 SE2d 238).

5. The court charged: "The defendant enters upon his trial with the presumption of innocence in his favor and this presumption remains with him throughout the trial, unless and until it is overcome by evidence sufficiently strong to satisfy you of his guilt to a reasonable and moral certainty and beyond a reasonable doubt." This language has been held to constitute an adequate charge on the burden of proof. *Fields v. State,* 221 Ga. 307, 311 (10) (144 SE2d 339). See also *Swint v. State,* 203 Ga. 430 (5) (47 SE2d 65); *Claybourn v. State,* 190 Ga. 861 (2) (11 SE2d 23).

6. Defendant enumerates error upon the court's failure to charge the language of Code § 26-601, which provides: "A crime is a violation of a statute of this State in which there shall be a union of joint operation of act, or omission to act, and intention, or criminal negligence." It has been held, however, that a failure to charge in the exact language of this Code section is not error where, as here, the court fully instructs on the essential elements of the crime charged, including the requisite intent. *Fleming v. State,* 74 Ga. App. 864 (3) (41 SE2d 824),

*Bennett v. State,* 49 Ga. App. 804 (4) (176 SE 148). See also *Teasley v. State,* 228 Ga. 107 (184 SE2d 179).

7. Error is enumerated upon the trial court's failure to charge, under Code § 26-605, that a person will not be presumed to act with criminal intent. Where, however, the trial court amply instructs the jury on the defendant's presumption of innocence, the state's burden of proof, and the requisite mental element of the crime, then "the charge as a whole was sufficient to cover the point that a person will not be presumed to act with a criminal intention." *Franklin v. State,* 136 Ga. App. 47, 49 (220 SE2d 60). The judicial instructions here met the standards recited above. Accordingly, this enumeration is without merit.

8. Defendant's remaining enumeration alleges as error the trial court's failure to charge the lesser included offense of theft by taking. In *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354), our Supreme Court established certain rules applicable to instructions on lesser included offenses. Rule 2 provides that in the absence of a written request, the trial judge's failure to charge such an offense is not reversible error. As no such written request was made here, defendant's enumeration is without merit. See *Burton v. State,* 137 Ga. App. 686.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED FEBRUARY 2, 1976 — DECIDED FEBRUARY 17, 1976.

*Gilberg, Baynard & Owens, Robert E. Baynard,* for appellant.

*William S. Lee, District Attorney, Loring A. Gray, Jr., Daniel MacDougald, III, Assistant District Attorneys,* for appellee.