## 52157. QUICK v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of selling phencyclidine in violation of the Georgia Controlled Substances Act. *Held:*

1. Defendant filed a discovery motion and a notice to produce. In response to these motions, the state furnished a list of witnesses and a copy of the report from the State Crime Laboratory. The state also advised the trial court that there was no evidence favorable to defendant in its

files. The trial court then denied the motions. The defendant in a criminal case cannot compel the discovery and inspection of evidence in the possession of the state. *Whitlock v. State,* 124 Ga. App. 599 (185 SE2d 90). However, Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) does require the state on defendant's request to disclose evidence favorable either to defendant's guilt or punishment. Insofar as defendant's motions may be treated as coming within the rule of Brady v. Maryland, there is no showing here that the state suppressed any favorable evidence. The denials of the discovery motions were correct.

2. A witness for the state, the Sheriff of Monroe County, was permitted over objection to testify as to the content of a telephone conversation he had with Dennis Smarr, the individual to whom defendant allegedly sold the phencyclidine. The substance of the conversation was that Smarr volunteered to act as an undercover agent for the sheriff by making drug purchases in the county. The trial court admitted the sheriff's testimony for the limited purpose of explaining motive or conduct of this witness or of Dennis Smarr. This testimony was explanatory of Smarr's conduct in purchasing controlled substances and was admissible. Code § 38-302 authorizes the admission of a conversation which otherwise might be inadmissible as hearsay when the conversation explains conduct and ascertains motive. In another drug case, *Watson v. State,* 137 Ga. App. 530 (220 SE2d 446), we held the same testimony which involved the same witnesses as in this case inadmissible and cause for reversal. An examination of the record in that case shows that this court reversed on its own motion without the benefit of an enumeration of error raising the issue.

This ruling of law is erroneous whether with or without the benefit of an enumeration of error and we therefore expressly overrule the holding in Division 3 of *Watson.*

3. The state's witness, Smarr, was permitted to testify over defendant's objection that he had used marijuana in Viet Nam. The objection was that whether the witness had used marijuana in a foreign country was irrelevant and immaterial to any issue in this case. We

agree that this testimony was inadmissible as a part of the state's case. However, the question could not have harmed the defendant as its only possible effect could have been to impeach one who was an adversary witness to the defendant. Nothing held in *Watson v. State,* supra, requires a holding to the contrary.

4. In this case Smarr was permitted to testify over the objection that it was immaterial and irrelevant that while acting as a police agent he had purchased drugs from fourteen different persons. In *Winget v. State,* 138 Ga. App. 433 (1976) another drug case in which the same witness Smarr testified for the state, it was held that his testimony of "buys" of drugs from others constituted grounds for reversal as the evidence was "irrelevant and immaterial and introduced solely to bolster the good character of the undercover agent in the eyes of the jury." The rationale of *Winget* that evidence of unrelated drug purchases was offered to "bolster the good character" of the witness is an erroneous conclusion of law. To bolster a witness means to introduce evidence of the good reputation of a witness for truth and veracity, for the purpose of supporting the witness' testimony and is not admissible when offered by the party calling the witness, until the character of the witness has been attacked by the adverse party. *Aycock v. State,* 62 Ga. App. 812 (10 SE2d 84). Evidence of purchases of drugs from other individuals in the case cannot be categorized as evidence of a witness' good reputation for truth and veracity. The holding to that effect in Division 4 of *Winget* is expressly overruled. Nonetheless, we do agree that this evidence was irrelevant and immaterial and it was error to admit it. The question then is whether this erroneous admission of this immaterial evidence is cause for reversal. It has been held that the admission of irrelevant testimony is not a sufficient ground for the grant of a new trial unless on its face it is manifestly prejudicial or the assignment of error shows wherein it was harmful. *Brown v. State,* 119 Ga. 572 (46 SE 833). Applying that test, this testimony was not manifestly prejudicial nor has defendant shown that harmful error was committed. We feel the error was harmless and could not have affected the outcome of the trial.

5. Defendant submitted written requests to charge Code § 26-505 which provides that a defendant may be convicted of an included crime and defines that term; and that possession of phencyclidine is a lesser included crime of the sale of that substance and that the jury may find the defendant guilty of the lesser offense if they find defendant not guilty of the greater offense. These requests were denied. It is never error for a trial court to refuse to charge on a lesser included offense even though requested in writing when the evidence does not reasonably raise the issue that defendant may be only guilty of the lesser crime. *Myers v. State,* 97 Ga. 76 (25 SE 252); *King v. State,* 127 Ga. App. 83 (192 SE2d 392). In this case the state's evidence clearly showed that defendant sold phencyclidine to Smarr. Defendant offered no evidence. There is not the slightest suggestion in the state's evidence that defendant only possessed this controlled substance but did not sell it. Under this posture there were only two possible verdicts, viz., guilty as charged or a complete acquittal. As no issue was presented as to the included crime of possession, it was not error to refuse to charge the written requests.

6. The evidence authorized the conviction.

7. All other enumerations of error are without merit.

*Judgment affirmed. Pannell, P. J., Deen, P. J., Quillian, Clark, Stolz, Webb, Marshall and McMurray, JJ., concur.*

ARGUED MAY 3, 1976 — DECIDED JULY 15, 1976 — REHEARING DENIED JULY 29, 1976.

*Ham, Mills & Freeman, Phillip Benson Ham,* for appellant.

*E. Byron Smith, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.