## 53229. WILLIAMS v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of aggravated assault charged as a violation of the Criminal Code § 26-1302 (Ga. L. 1968, pp. 1249, 1280; 1976, p. 543), which provides in part: "A person commits aggravated assault when he assaults . . . with a deadly weapon." The defendant shot the victim in the head with a pistol. He contends that Code § 27-2508 controls disposition of this case. That section provides that: "No person shall be convicted of an assault with intent to commit a crime . . . when it shall appear that the crime intended, or the offense attempted, was actually perpetrated . . ." *Held:*

We agree with the defendant that an assault is either (a) an attempt to commit a violent injury, or (b) an act which places another in reasonable fear of immediately receiving a violent injury. Code Ann. § 26-1301 (Ga. L. 1968, pp. 1249, 1280). However, the word "assault" is also

a generic term covering all forms of assault, including "aggravated assault." Defendant cites to us *Diamond v. State,* 126 Ga. App. 580, 582 (191 SE2d 492), which held that where the ". . . State's evidence proved a clear case of battery . . . under Code § 27-2508, the defendant could not be convicted of an assault or an attempt to commit a crime where he actually perpetrated the offense attempted." *Diamond* is inapposite.

Although Code § 27-2508 remains in the Code, it was impliedly repealed by the enactment of the Criminal Code of Georgia (Code Ann. §§ 26-1004 and 26-1303; Ga. L. 1968, pp. 1249, 1275, 1281). *Echols v. State,* 134 Ga. App. 216, 217 (3) (213 SE2d 907). Code Ann. § 26-1004 provides that: "A person may be convicted of criminal attempt if the crime attempted was actually committed . . . but may not be convicted of both the criminal attempt and the completed crime." To the same end is Code Ann. § 26-1303 which states: "A person may be convicted of an assault with intent to commit a crime if the crime intended was actually committed . . . but may not be convicted of both the assault and completed crime."

These latter two sections of the Criminal Code clearly show the intent of the legislature that although an assault may be a criminal attempt, and even though the criminal act intended be completed, a conviction for an assault is authorized. See *Ward v. State,* 231 Ga. 484, 485 (202 SE2d 421).

Following the enactment of the 1968 Criminal Code, this court has consistently held that an aggravated assault conviction will be approved although the battery be completed. *Wells v. State,* 125 Ga. App. 579 (188 SE2d 407); *Thomas v. State,* 128 Ga. App. 538, 541 (197 SE2d 452); *Ross v. State,* 131 Ga. App. 587 (206 SE2d 554); *Mitchell v. State,* 134 Ga. App. 376 (214 SE2d 593); *Huff v. State,* 135 Ga. App. 134 (217 SE2d 187); *Hale v. State,* 135 Ga. App. 625 (218 SE2d 643); *Cloud v. State,* 136 Ga. App. 244 (220 SE2d 763); *Allen v. State,* 137 Ga. App. 302 (223 SE2d 495); *Holmes v. State,* 138 Ga. App. 689 (227 SE2d 471). This enumeration is without merit.

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

Argued January 11, 1977 — Decided February 7, 1977.

R. *Alex Crumbley, Alan Armstrong,* for appellant.
*E. Byron Smith, District Attorney, Kenneth Waldrep, Assistant District Attorney,* for appellee.