### 53411. SCOTT v. THE STATE.

BELL, Chief Judge.

The defendant appeals from his conviction for aggravated assault with a deadly weapon. *Held:*

1. The indictment alleged that defendant committed an aggravated assault with a deadly weapon by stabbing the victim with a knife. The state's evidence established these allegations. Defendant contends, first, that the indictment is fatally defective because it alleged an aggravated assault as well as a battery, and secondly, that a finding of guilty was not authorized because the evidence shows a completed battery and not merely an attempt or an assault. This argument is based on older cases which have held that where a completed battery is shown a conviction for simple assault is not lawful. See *Kelsey v. State,* 62 Ga. 558 and *Kennedy v. State,* 10 Ga. App. 794 (74 SE 95). These decisions were rendered prior to the enactment of our new Criminal Code (Ga. L. 1968, p. 1249 et seq.), and were applications of Code § 27-2508. The

latter provides: "No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault, or in pursuance of such attempt." This statute and the cases that have applied it would not have any bearing on this case for the reason that the crime of aggravated assault with a deadly weapon could not conceivably fall within its provisions. This specific crime was unknown to our criminal law until it was added in the revision of the Criminal Code in 1968. In this connection see the Committee Notes concerning aggravated assault in Code Ann. Ch. 26-13. Aggravated assault with a deadly weapon is completed when a simple assault is committed by means of a deadly weapon. The fact that the assailant consummated the assault by the actual infliction of a battery or physical harm to a victim will not affect the assailant's criminal liability for this offense. Of course, the actual infliction of physical harm by means of a deadly weapon, however, may result in an additional and more serious crime, e.g. aggravated battery. In any event and more importantly Code § 27-2508 is no longer in force as it was impliedly repealed by Code §§ 26-1004 and 26-1303 of our Criminal Code of 1968 as these later provisions are clearly repugnant to and inconsistent with Code § 27-2508. Code § 26-1303 states: "A person may be convicted of an assault with intent to commit a crime if the crime intended was actually committed as a result of the assault but may not be convicted of both the assault and completed crime." Code § 26-1004 provides: "A person may be convicted of criminal attempt if the crime attempted was actually committed in pursuance of the attempt but may not be convicted of both the criminal attempt and the completed crime." Thus it is presently lawful to convict for simple assault even though the proof shows that a battery was committed because by definition an assault is nothing more than an attempted battery. See Code § 26-1301. We recognized this repugnancy in *Echols v. State,* 134 Ga. App. 216 (213 SE2d 907) where a contention similar to the one here was made. However, in *Echols* we failed to squarely hold that there was an

implied repeal of Code § 27-2508 and also failed to overrule the erroneous holding in Division 4 of *Diamond v. State,* 126 Ga. App. 580 (191 SE2d 492). We do both here. In *Diamond,* a conviction for simple assault was reversed because the proof showed a battery and Code § 27-2508 was cited as authority. The *Diamond* record clearly shows that the new Criminal Code of 1968 applied to the crime there. Division 4 of *Diamond v. State* is expressly overruled. The indictment here properly charged the crime of aggravated assault with a deadly weapon and the proof authorized a conviction.

2. Defendant by his own testimony raised the affirmative defense of justification or self-defense. The trial court charged as follows: ". . .you would consider whether or not the defendant in this case was justified in committing the alleged stabbing of the prosecutor in this case, and that's a matter within your sound discretion to determine. If he was justified in the attack that he made upon the prosecutor, if he was in fear of his own life, he would have had to have been in fear of his own life and no means to get away from it in order to be justified in a situation like this, and if you find that he was, then he would be justified. If he was in fear of his own life and had no means to get away other than to do what he did..." This charge is erroneous as it is contrary to our statutory provision on this defensive matter. Code § 26-902 (a) states that: "(a) A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person, or the commission of a forcible felony." The trial court's charge placed a heavier burden on defendant than the law required for it limited the defense to a consideration of whether defendant was in fear of his own life and imposed a requirement of flight or retreat. This charge was harmful. We reverse for this reason.

3. All other enumerations of error are without merit.

*Judgment reversed. All the Judges concur.*

SUBMITTED JANUARY 31, 1977 — DECIDED APRIL 6, 1977.

*Ben Lancaster,* for appellant.
*David N. Vaughan, Charles Crawford, District Attorneys,* for appellee.