## 53512. REDD v. THE STATE.

Marshall, Judge.

The defendant appeals from his conviction of two counts of violations of the Georgia Controlled Substances Act. *Held:*

1. The trial judge did not err in permitting, over objection, the sheriff to testify that the undercover agent, Smarr, had told him that he had "fronted" part of the marijuana he had purchased from the defendant to another person, meaning that he had loaned part of the marijuana to that person, who was to repay him in kind. This hearsay evidence was admissible under Code § 38-302 to explain a course of conduct by the undercover agent, viz., what he had done with the contraband received from the defendant, which was relevant to explain why some of it was missing when it was delivered to the sheriff. Although it would have been possible to elicit this evidence directly from the undercover agent, its admission in evidence by way of the sheriff's testimony had the advantage of possibly greater credibility than the testimony of the undercover agent, whose credibility was questioned because of his own previous use of marijuana. Cf., *Quick v. State,* 139 Ga. App. 440 (3) (228 SE2d 592) (1976). Likewise, the admission in evidence of this testimony was not a ground for mistrial. Enumerated

errors 1 and 2 are without merit.

2. Enumerated error 3 objects to the judge's having permitted the sheriff to testify concerning the credibility, or "bolster the good character," of witness Smarr at a time when the witness' character had not been attacked or his credibility questioned. "To bolster a witness means to introduce evidence of the good reputation of a witness for truth and veracity, for the purpose of supporting the witness' testimony and is not admissible when offered by the party calling the witness, until the character of the witness has been attacked by the adverse party." *Quick v. State,* 139 Ga. App. 440, supra, (4). Although the "bolstering" was injected prior to the witness' taking the stand, and hence may have been somewhat premature, the admission of the evidence is not a sufficient ground for the grant of a new trial unless on its face it is manifestly prejudicial or the enumeration of error shows wherein it was harmful. *Quick v. State,* supra, (4). In the instant case, the defendant's counsel, in her opening statement to the jury, had stated her intention to show that witness-to-be Smarr was not worthy of belief.

Furthermore, defense counsel waived such objection. The prosecution asked the sheriff whether he had found anything dishonest that Smarr had done with his (sheriff's) money all the time he worked with him. After defense counsel's objection was made, the court pointed out her previously mentioned statement of intention to the jury whereupon she replied, "All right, in the event that he wishes to put in such evidence, the only evidence that's admissible would be the reputation of the witness for good or bad character, not any particular transaction." Thereafter, the sheriff was allowed to testify that the witness' reputation for honesty was good and that he would believe him under oath, with no objection except "I still say it's out of time." Under the circumstances this testimony was not erroneously admitted in evidence.

3. Enumerated error 4 is the admission over objection of a photograph of the bearded defendant as he appeared at the time of the "buys" in question. It is urged that this photograph was unnecessarily admitted, since counsel admitted the defendant's identity, and that its admission — added to the prosecution's statement in the

presence of the jury, that Smarr had to have a long beard and long hair in order to make drug buys — created the prejudicial impression in the minds of the jurors that the defendant was the type of person who would deal in drugs.

The identity of the defendant in a criminal case is certainly a material fact. It was made so even more in this case, where evidence of alibi was introduced. "There is abundant case authority that photographs showing an accurate and correct representation of a person or an object material to the issues in the case are admissible . . . To rule otherwise would unfairly preclude the state from establishing a material fact by more than one source of evidence." *Floyd v. State,* 233 Ga. 280, 283 (210 SE2d 810) (1974) and cits. We can not see how a photograph correctly portraying the defendant's appearance at the time of the commission of the offense charged, was any more prejudicial to the defendant than having the normally bearded defendant appear on the witness stand clean shaven was prejudicial to the state. This enumerated error is without merit.

4. The appellant enumerates error upon the judge's failure to charge the language of Code § 26-601, which provides: "A crime is a violation of a statute of this State in which there shall be a union of[1] joint operation of act, or omission to act, and intention, or criminal negligence." "It has been held, however, that a failure to charge in the exact language of this Code section is not error where, as here, the court fully instructs on the essential elements of the crime charged, including the requisite intent. *Fleming v. State,* 74 Ga. App. 864 (3) (41 SE2d 824); *Bennett v. State,* 49 Ga. App. 804 (4) (176 SE 148). See also *Teasley v. State,* 228 Ga. 107 (184 SE2d 179)." *Coleman v. State,* 137 Ga. App. 689 (6) (224 SE2d 878) (1976). Of course, the judge was not required to charge as to intent;

---

[1] As we pointed out in *Maltbie v. State,* 139 Ga. App. 342, 344 (fn.1) (228 SE2d 368) (1976), this "of" was "or" in the Penal Code of 1895. See *Southern Exp. Co. v. State,* 149 Ga. 489, 493 (100 SE 709). The apparent typographical error has been perpetuated throughout succeeding Codes and many cases.

there was no issue as to this because the defendant never contended that he committed the acts unintentionally, but rather denied having sold any drugs to Smarr. See *Pritchett v. Higgins,* 111 Ga. App. 718 (2) (143 SE2d 47) (1965) and cits.

5. Enumerated error 6, complaining that the judge failed to charge any portion of the language of the Georgia Controlled Substances Act, is without merit. This information was conveyed to the jury by reading to them the indictment, which fully described the acts alleged to have been committed by the defendant, and calling upon them to render a verdict of guilty or not guilty. *Smith v. State,* 63 Ga. 168, 170 (14).

6. Enumerated error 7 is the judge's permitting the prosecution to cross examine the defendant as to his purported alibi, in an "improper manner," so as to attack the defendant's credibility. Counsel overlooks the fact that attacking the defendant's credibility is the precise purpose of cross examination. "The right of cross examination, thorough and sifting, shall belong to every party as to witnesses called against him." Code § 38-1705. "The rule was applied in *Stephens v. State,* 16 Ga. App. 144 (3) (84 SE 560) to questions asked the defendant's alibi witness on cross-examination for the purpose of testing his memory, the correctness of his recollection, and the probability of his statements." *Carr v. State,* 95 Ga. App. 513 (4) (98 SE2d 231) (1957). It is the right of a witness to be protected from improper questions and from harsh or insulting demeanor (Code § 38-1704); however, "the trial judge has discretion to control the scope and manner of cross examination and this discretion will not be curtailed absent some clear abuse. *Wanzer v. State,* 232 Ga. 523 (207 SE2d 466); *Davis v. State,* 230 Ga. 902 (199 SE2d 779); *Geiger v. State,* 129 Ga. App. 488 (199 SE2d 861)." *Whitley v. State,* 137 Ga. App. 68 (1) (223 SE2d 17) (1975).

No such abuse appears here, where the defendant denied committing the offenses; attempted to establish an alibi for the date referred to in Count 2; testified on direct that he had been at a ski resort in North Carolina; yet testified on cross examination that he didn't know when he went to North Carolina or where he went, that he

stayed in a cabin near a ski lodge, skied on the slopes for two weeks without ever going to the lodge, and met only two persons while there, neither of whom was called as a witness to substantiate the defendant's alibi. This enumerated error is without merit.

7. Enumerated error no. 8 is the court's "not transcribing opening and closing arguments of appellant and appellees, even though the court had previously granted such a motion to appellant."

There is no enumerated error based on the opening or closing arguments, nor is any such error argued in the appellant's briefs, although a supplemental brief merely alleges that there were six objections made to the state's argument and one motion for mistrial, which, in counsel's opinion, should have been granted.

Notwithstanding the above, however, pursuant to this court's order the transcript of the arguments (which should have been transmitted originally along with the record on appeal in accordance with the appellant's motion therefor) was sent up to this court. A review of the transcript reveals that the objections to the argument were all either unfounded or were overcome by corrective instructions by the trial judge. The denial of the motion for mistrial was not error where it was not renewed or further instructions requested after corrective instructions were given. See *Martin v. State,* 132 Ga. App. 658 (3) (209 SE2d 103) (1974); *Clyatt v. State,* 126 Ga. App. 779, 786 (192 SE2d 417) (1972). This enumerated error is without merit.

The judgment was not erroneous for any reason urged.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MARCH 2, 1977 — DECIDED APRIL 12, 1977.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellant.

*E. Byron Smith, District Attorney, Kenneth Waldrep, Assistant District Attorney,* for appellee.