## 54493. BROOKS v. THE STATE.

BELL, Chief Judge.

The defendant was indicted in a two-count indictment for aggravated assault with intent to rob of a named victim and for robbery of the same victim, all on the same date. He was found guilty of the aggravated assault count but the jury made no finding as to the

robbery. *Held:*

1. The evidence shows that both of the alleged crimes arose out of the same conduct. Consequently, it is apparent that the state charged the defendant with the lesser as well as the greater crime. The defendant argues that since the evidence showed either a completed robbery or no offense at all, as the defendant claimed self-defense, the jury verdict of guilty as to aggravated assault with intent to rob was erroneous. There was no error. Code § 26-1303 provides: "A person may be convicted of an assault with intent to commit a crime if the crime intended was actually committed as a result of the assault but may not be convicted of both the assault and completed crime." An accused may be prosecuted for each crime arising from the same conduct but he may not be convicted of more than one crime if one crime is included in the other. *State v. Estevez,* 232 Ga. 316, 320 (206 SE2d 475). The defendant cites *Diamond v. State,* 126 Ga. App. 580 (191 SE2d 492) in support of his argument. The applicable holding in *Diamond* was expressly overruled in *Scott v. State,* 141 Ga. App. 848 (234 SE2d 685).

2. The defendant made no written request to charge on the lesser included offense of simple battery. In the absence of a written request failure to charge on a lesser included offense is not error. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354).

3. The court charged the jury on simple assault. As simple assault is one of the elements of aggravated assault, it was not error to charge on this offense. *Smith v. State,* 140 Ga. App. 395 (231 SE2d 143).

4. The court charged that in considering the issue of whether an unlawful assault occurred the jury should consider the issue of justification through self-defense and ". . . If you find there is a valid issue of self defense raised by the range of the evidence in this case the burden of proof as to such issue would rest upon the State as it would with reference to the other issues in the case in accordance with the principles already given you in the charge." It is argued that this charge was erroneous. While this instruction when considered as a disjointed fragment may be confusing, however, when the whole charge is considered to include the charge that the state was

required to prove each element of the offense beyond a reasonable doubt a jury would not be misled. The charge correctly instructed the jury that the state had the burden to prove that defendant did not act in self-defense. *Geter v. State,* 219 Ga. 125 (132 SE2d 30).

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 21, 1977 — DECIDED OCTOBER 13, 1977.

*Walter E. Baker,* for appellant.

*Phillip R. West, District Attorney, James L. Wiggins, Assistant District Attorney,* for appellee.