## 60896. HARPER v. THE STATE.

DEEN, Presiding Judge.

The defendant appeals from his conviction for aggravated assault with a deadly weapon. We affirm.

1. The trial court charged the jury in part as follows: "At this time, I will define for you what an Aggravated Assault is under the law of Georgia. A person commits an assault when he either attempts to commit a bodily injury to the person of another or commits an act which places another in reasonable apprehension of immediately receiving bodily injury. A person commits aggravated assault when he assaults with a deadly weapon."

Appellant asserts that the instruction improperly intermingled the definition of simple assault with that of aggravated assault so as to confuse the jury and further asserts that the trial court's definition of aggravated assault was incomplete in that it omitted the possibility of assault "with intent to murder, to rape, or to rob" pursuant to Code § 26-1302 (a). Appellant correctly notes that in *Smith v. State,* 140 Ga. App. 385 (231 SE2d 143) (1976), we held that in every criminal case of aggravated assault, the trial judge must include a statement as to the elements of simple assault within his definition of aggravated assault. This was clearly done in the instant instruction, and we find no potential confusion inherent therein. As to appellant's contention that the definition instructed herein was incomplete no evidence introduced at trial indicated that appellant assaulted the victim with an intent to murder, rape or rob, and as such, the trial court's definition of aggravated assault omitting any reference to the specific intent possibilities of Code § 26-1302 (a) was permissible.

Enumerations of error numbers one and three are therefore without merit.

2. Appellant next asserts that the trial court erred in charging the jury that "[s]hould you find that [defendant] is not guilty of Aggravated Assault, then you could consider whether the State has proved beyond a reasonable doubt that he is guilty of a Simple Battery." This instruction, appellant argues, was "confusing and misleading in that the jury was constrained to deliberate only upon the offense of Aggravated Assault before it could even consider the lesser offense of Simple Battery."

We disagree. "The charge complained of merely suggested the order in which the offenses should be considered." *Lamar v. State,* 243 Ga. 401, 403 (254 SE2d 353) (1979). The parties at bar agree that the offense of simple battery was properly charged as a lesser included offense of aggravated assault under the instant indictment and evidence. As such, appellant could not have been convicted of both aggravated assault and simple battery. Code § 26-506 (a) (1). Therefore, the court was justified in instructing the jury so as to prevent them from needlessly considering the charge of simple battery if they found appellant guilty of aggravated assault.

3. After establishing an impeaching witness' familiarity with

the victim/impeached witness in the relevant community, counsel for appellant asked, "What have you heard about Mr. Whigham in Clayton County?" The District Attorney interrupted, "Your Honor, please now, it is —," whereupon the court interjected, "I sustain the objection."

Appellant argues that the court's ruling prevented appellant from eliciting material impeachment testimony under Code § 38-1804. Appellant further contends that the court ruled without a formal objection ever being lodged.

"A witness may be impeached by evidence as to his general bad character. The impeaching witness should be first asked as to his knowledge of the general character of the witness, and next as to what that character is, and lastly he may be asked if, from that character, he would believe him on his oath . . . The particular transactions, or the opinions of single individuals, shall not be inquired of on either side . . ." Code § 38-1804. The statute thus prescribes a specific progression of questions to be asked when inquiring into the general reputation of a witness for impeachment purposes. The question posited by appellant's counsel herein invited the recitation of hearsay declarations clearly outside the scope of that authorized by the statute. Though the trial court did perhaps improperly interrupt counsel before a formal objection was completed, the question asked was so open-ended and impermissible as to render counsel's incomplete objection self-evident, and the court properly sustained that objection. Further, the court's ruling in no manner prevented appellant's counsel from then asking the permissible question: "Are you familiar with Mr. Whigham's general reputation in the community in which he resides?" and further proceeding through the statutorily prescribed sequence of questions. Accordingly, we find no merit in this enumeration.

4. Appellant next contends that since a completed battery was committed upon the victim, appellant cannot be convicted of aggravated assault. In so arguing, appellant relies upon *Diamond v. State,* 126 Ga. App. 580 (191 SE2d 492) (1972) and upon Code § 27-2508 to the effect that a person cannot be convicted of an assault or any other attempt when the offense intended or attempted was actually perpetrated by that person.

In *Scott v. State,* 141 Ga. App. 848, 849-850 (234 SE2d 685) (1977), however, we expressly overruled *Diamond v. State, supra,* and held that "Code § 27-2508 is no longer in force as it was impliedly repealed by Code §§ 26-1004 and 26-1303 of our Criminal Code of 1968 as these later provisions are clearly repugnant to and inconsistent with Code § 27-2508. Code § 26-1303 states: 'A person may be convicted of an assault with intent to commit a crime if the

crime intended was actually committed as a result of the assault but may not be convicted of both the assault and completed crime.' Code § 26-1004 provides: 'A person may be convicted of criminal attempt if the crime attempted was actually committed in pursuance of the attempt but may not be convicted of both the criminal attempt and the completed crime.'" We thus further noted: "Aggravated assault with a deadly weapon is completed when a simple assault is committed by means of a deadly weapon. The fact that the assailant consummated the assault by the actual infliction of a battery or physical harm to a victim will not affect the assailant's criminal liability for this offense." *Scott v. State, supra.*

Appellant's contention that since the legislature has never expressly repealed Code § 27-2508 that statute should be regarded as law is inapposite. More to the point, we note that no subsequent decision of this court or of the Supreme Court and no subsequent action of the legislature has in any manner altered our determination in *Scott* that Code § 27-2508 has been impliedly repealed.

Finally, appellant offers a strained statutory argument to the effect that "a deadly weapon" under Code § 26-1302 (b) refers only to firearms. "As brought out in the recent case of *Williams v. State,* 127 Ga. App. 386 (193 SE2d 633), whether the instrument used constitutes a deadly weapon is properly for the jury's determination." *Quarles v. State,* 130 Ga. App. 756, 757 (204 SE2d 467) (1974). Appellant's argument overlooks the plain meaning of the words "deadly weapon" and ignores the plethora of cases wherein instruments other than firearms have been held to be deadly weapons supporting a conviction for aggravated assault. See, e.g., *Simmons v. State,* 149 Ga. App. 830 (256 SE2d 79) (1979) (beer bottle as a deadly weapon); *Kirby v. State,* 145 Ga. App. 813 (245 SE2d 43) (1978) (fists and feet as deadly weapons); and *Talley v. State,* 137 Ga. App. 548 (224 SE2d 455) (1976) (lamp as a deadly weapon).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 16, 1981 —
REHEARING DENIED FEBRUARY 11, 1981.

*John W. Knapp, Jr.,* for appellant.
*E. Byron Smith, District Attorney,* for appellee.