157 Ga. App. 180 (1981)
276 S.E.2d 862
C. L. T.
v.
STATE OF GEORGIA.
60813.
Court of Appeals of Georgia.
Decided January 20, 1981.
T. Lee Bishop, Jr., for appellant.
Robert E. Baynard, for appellee.
CARLEY, Judge.
Appellant, a juvenile, was adjudicated delinquent following a hearing initiated by a petition alleging that he had committed the offense of simple assault.
1. Appellant first contends that the trial court erred in overruling his demurrer to the petition. In particular, appellant alleges that the petition was too vague and indefinite to adequately inform him of the charges against him and that, therefore, he was deprived of a reasonable opportunity to prepare his defense.
It has long been recognized that there must be scrupulous adherence to due process requirements in juvenile court proceedings. D. P. v. State of Ga., 129 Ga. App. 680, 681 (200 SE2d 499) (1973). This court has held that in order to withstand attack based upon the denial of due process, the petition must pass two tests: "(1) it must contain sufficient factual details to inform the juvenile of the nature of the offense; and (2) it must provide data adequate to enable the accused to prepare his defense." T. L. T. v. State of Ga., 133 Ga. App. 895, 897 (212 SE2d 650) (1975). See also D. P. v. State of Ga., supra; K. M. S. v. State of Ga., 129 Ga. App. 683 (200 SE2d 916) (1973).
The petition in the instant case specifically alleges that appellant, on a day certain, committed a delinquent act, to wit: "simple assault, Ga. Code Section 26-1301." It further asserts that the charge arose out of an altercation between appellant and his mother and father. This petition was plain enough for a person of ordinary mental capacity to understand the nature of the offense charged and it contained sufficient details to afford appellant reasonable opportunity to prepare his defense. See T. L. T. v. State of Ga., supra; J. A. T. v. State of Ga., 133 Ga. App. 922 (2) (212 SE2d 879) (1975). Accordingly, the juvenile court judge did not err in overruling the demurrer to the petition.
2. In enumeration of error 2, appellant contends the trial court should have dismissed the petition because appellant was charged with a simple assault while the evidence adduced at trial showed a completed battery.
Code § 26-1004 provides: "A person may be convicted of criminal attempt if the crime attempted was actually committed in pursuance of the attempt but may not be convicted of both the *181 criminal attempt and the completed crime." Code § 26-1303 provides: "A person may be convicted on an assault with intent to commit a crime if the crime intended was actually committed as a result of the assault but may not be convicted of both the assault and completed crime."
Recognizing the fact that an assault is nothing more than an attempted battery, and, thus, concluding that every battery necessarily includes an assault, this court has held that, by virtue of Code § 26-1004 and § 26-1303, "...it is presently lawful to convict for simple assault even though the proof shows that a battery was committed..." Scott v. State, 141 Ga. App. 848, 849 (234 SE2d 685) (1977). See Riddle v. State, 145 Ga. App. 328 (2) (243 SE2d 607) (1978); Tuggle v. State, 145 Ga. App. 603 (1) (244 SE2d 131) (1978). Cf. Brooks v. State, 143 Ga. App. 523 (1) (239 SE2d 207) (1977). Since the evidence of the completed battery was sufficient to support the finding that appellant had committed a simple assault as charged in the petition, the trial court did not err in refusing to dismiss the petition upon appellant's motion made at the conclusion of the state's case. Appellant's reliance on Diamond v. State, 126 Ga. App. 580 (191 SE2d 492) (1972) is misplaced as the applicable holding therein was expressly overruled in Scott v. State, supra.
3. Having reviewed the evidence in the light most favorable to the court's determination, we conclude that a rational trior of fact could have found the appellant delinquent beyond a reasonable doubt. Crawford v. State, 245 Ga. 89 (1) (263 SE2d 131) (1980).
Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.