## 64463. HALL v. THE STATE.

QUILLIAN, Chief Judge.

Tried for murder, defendant appeals his conviction of the lesser included offense of aggravated assault. *Held:*

1. The trial court did not err in charging on the lesser included offense of aggravated assault with a deadly weapon which had not been requested by the defendant.

Defendant contends that a charge on the lesser offense of assault with a deadly weapon was not authorized because Code Ann. § 27-2508 (Cobb, 840) provides that there can be no conviction for an assault with intent to commit a crime when the crime intended was actually committed at the time of the assault. Defendant concedes that Code Ann. § 27-2508 was impliedly repealed by Code Ann. §§ 26-1004 (Ga. L. 1968, pp. 1249, 1275) and 1303 (Ga. L. 1968, pp. 1249, 1281), *Williams v. State,* 141 Ga. App. 201 (233 SE2d 48), but argues that the implied repeal involved only assault with intent to commit a crime and not assault with a deadly weapon. We find no merit in this contention, as Code Ann. § 27-2508 did not pertain to assault with a deadly weapon, an offense which did not even exist when that statute was enacted.

"[Code Ann. § 27-2508] and the cases that have applied it would not have any bearing on this case for the reason that the crime of aggravated assault with a deadly weapon could not conceivably fall

within its provisions. This specific crime was unknown to our criminal law until it was added in the revision of the Criminal Code in 1968." *Scott v. State,* 141 Ga. App. 848, 849 (234 SE2d 685).

Under the evidence both aggravated assault with intent to commit murder and with a deadly weapon were in issue. Such assaults may be charged as lesser included offenses of murder, Code Ann. 26-505 (Ga. L. 1968, pp. 1249, 1267); *Kimbro v. State,* 113 Ga. App. 314 (1) (147 SE2d 876). Therefore, the trial court did not err in so charging. "The trial judge . . . may, of this own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation." *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354).

2. There was no error in failing to charge on the cause of death.

In addition to the circumstances that the trial court did charge that the jury must find beyond a reasonable doubt that the defendant caused the death of the victim, that "cause of death" is a term of common usage which need not be specifically defined and that defendant did not request any further definition of the term "cause of death" nor object to its omission until after the verdict, the jury's finding defendant guilty of the lesser offense mooted any possible error.

3. The general grounds are asserted.

Defendant attacks the sufficiency of the evidence on the ground that Grizzard, the only eyewitness to the commission of the offense, should be considered an accomplice by virtue of having initially been charged with the same crime and his testimony was not sufficiently corroborated.

The jury was not charged on accomplice testimony or corroboration thereof, nor was such a charge requested or the failure to so charge objected to. The evidence does not indicate that Grizzard was an accomplice of defendant as to the crime being tried. Moreover, even if he was an accomplice, there was other evidence connecting defendant to the crime and the trial court was not required to charge on accomplice testimony absent a request. *Smith v. State,* 154 Ga. App. 741 (3) (270 SE2d 5).

The evidence authorized the jury to find that the victim, Grizzard and defendant were drinking together and drove out into the country. Defendant had a knife and drove Grizzard's car. Grizzard and the victim were both highly intoxicated and Grizzard kept falling asleep or passing out. At one point, the victim awakened Grizzard when the defendant broke into a parked vehicle and took two rifles and a purse therefrom. Grizzard was next awakened by screaming and hollering. The car was stopped in the middle of a country road with both doors open. Grizzard saw the defendant and the victim, who was making the outcry, some distance behind the car

and defendant was hitting the victim with a large rock. When Grizzard told defendant to stop, defendant threatened him with a rifle and Grizzard got in the car and drove off. The victim was found by a passerby and taken to a hospital where she was discovered to have numerous cuts and stab wounds on her body and contusions about her head. She was cleaned up and put in a hospital bed in a stable condition but died some hours thereafter by suffocation from aspirating her own vomit. A large piece of concrete found at the scene had blood stains matching the blood type of the victim. Grizzard was found asleep in his car at home. Defendant's knife and both blades, which were broken off and covered with blood of the victim's type, were found in Grizzard's car. Defendant was not to be found and was apprehended about two weeks later in another city. An autopsy showed the cause of death was aspiration, that the victim had numerous cuts and stab wounds on her body and had been struck in the head with a blunt object with sufficient force to fracture bone in the head.

We find the evidence sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. Error is claimed because the district attorney improperly commented on the defendant's right to remain silent in examining a witness and during closing argument.

The district attorney asked a police investigator if the defendant had cooperated with the police in any way and an answer was given. The defense then objected but the court permitted the question to be asked again and the answer was in the negative. Pretermitting whether this was a comment on the defendant's right to remain silent, after the question was answered the second time defendant made no further objection or motion to strike or for a mistrial. "No objection was interposed the second time, and there was no motion to strike the answer or grant a mistrial . . . [T]his admission of testimony, without request for any action by the court, presents nothing for review. [Cit.]" *Parrott v. State,* 144 Ga. App. 835 (2) (243 SE2d 97).

During final argument the district attorney did not mention the defendant's failure to testify, but remarked several times that the defendant had presented no evidence. This was not error. *Bryant v. State,* 146 Ga. App. 43 (1) (245 SE2d 333).

5. The remaining enumeration complains of the introduction of evidence of a separate crime, the breaking into a truck and taking property therefrom prior to the assault on the victim.

"One of the exceptions to the rule that on prosecution for a particular crime evidence which tends to show that the defendant committed another crime wholly independent from that for which he

is on trial is irrelevant and inadmissible, is where the other crime is a part of the res gestae. [Cits.]" *King v. State,* 230 Ga. 581 (2), 582 (198 SE2d 305). Under this exception it was not error to admit evidence of defendant's entering the truck and taking of rifles and a purse from it prior to the offense charged when one of the rifles was used to prevent Grizzard from interfering with the assault on the victim.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 14, 1982.

*Marc E. Acree,* for appellant.
*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.