## 67778. SMITH v. THE STATE.

SOGNIER, Judge.

Appellant was charged with felony murder and convicted of voluntary manslaughter. On appeal she contends the trial court erred (1) by denying her motion for a new trial based on the general grounds; (2) by giving the Allen charge (Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528)); (3) by failing to charge on the lesser offense of involuntary manslaughter after appellant's oral request to do so; and (4) by denying her motion for a mistrial based on the court's recharge to the jury.

After appellant had two arguments with her husband during

which he physically abused appellant, she returned to her house, obtained her purse containing a gun, and went to The Pool Room, a business licensed in appellant's name. As she entered The Pool Room appellant's husband took a step toward her and she fired her gun six times. One of the shots struck appellant's husband, wounding him fatally. Appellant admitted firing the shots, but stated she did so to prevent the victim from harming her.

1. The evidence is sufficient to support the verdict and meets the standard of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a new trial based on the general grounds.

2. Appellant contends the Allen charge given by the court after the jury had deliberated for about four hours was coercive and designed to influence the minority to yield their convictions and accede to the majority view just for the sake of reaching a verdict. This contention is not supported by the transcript.

After advising the jurors that some jury had to decide the case and there was no reason they (the jury) could not do so, the trial court stated: "Now, of course, the Court doesn't ask and you should not give up your honest convictions just merely for the purpose of arriving at a unanimous verdict. Always you should stick by your honest convictions, but if 12 people couldn't agree then we never would have — reach a verdict." It is clear that the trial court was not coercing the jury to give up their convictions in order to reach a verdict; on the contrary, the trial court clearly told the jurors *not* to give up their honest convictions. Our Supreme Court has held that language similar to that used here does not violate a defendant's constitutional rights under the Sixth and Fourteenth Amendments of the Federal Constitution. *Spaulding v. State*, 232 Ga. 411, 414 (4) (207 SE2d 43) (1974). Accordingly, there was no error in the Allen charge.

3. Appellant orally requested that the court instruct the jury on the lesser offense of involuntary manslaughter, and contends that denial of her request was error. We do not agree.

In the absence of a written request, failure to charge on a lesser included offense is not error. *Brooks v. State*, 143 Ga. App. 523, 524 (2) (239 SE2d 207) (1977); *Dean v. State*, 168 Ga. App. 172, 176 (4) (308 SE2d 434) (1983). Further, the evidence did not warrant a charge on involuntary manslaughter, which involves causing the death of another human being without any intention to do so. OCGA § 16-5-3. Appellant testified that she intentionally fired all six rounds in her weapon. When a requested charge deals with a matter not in issue, it is not error for the trial court to deny the request. *Anderson v. State*, 163 Ga. App. 603, 604 (4) (295 SE2d 564) (1982).

4. Appellant contends the trial court erred by denying her motion for a mistrial on the ground that the trial court's Allen charge put

pressure on the jury to reach a verdict. In Division 2 we held that the trial court's Allen charge was proper and was not coercive. It follows that it was not error to deny appellant's motion for a mistrial, which was based on the same grounds.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED JUNE 6, 1984.

*George R. Jordan, J. Laddie Boatright,* for appellant.
*Harry D. Dixon, Jr., District Attorney, Rebecca L. Littleton, Assistant District Attorney,* for appellee.