## 900. HARRIS v. THE STATE.

Where the evidence shows no assault other than one consummated by a completed battery, a verdict of simple assault is not lawful.

Indictment for assault with intent to murder, from Catoosa superior court—Judge Fite. October 17, 1907.

Argued January 14,—Decided January 27, 1908.

*William E. Mann*, for plaintiff in error.

*Samuel P. Maddox, solicitor-general, W. C. Martin,* contra.

POWELL, J. The defendant was indicted for an assault with intent to murder, alleged to have been committed upon the prosecutor by striking him with an iron weight. According to the testimony, the only assault made by the defendant was the striking of the prosecutor with the weight. The defendant did not deny the battery, but pleaded justification. The jury found the defendant guilty of a bare assault.

"An assault is an attempt to commit a violent injury on the person of another." "A bare assault is a misdemeanor." "Battery is the unlawful beating of another, and is a misdemeanor." Penal Code, §§95, 96, and 102. "No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault, or in pursuance of such attempt." Penal Code, §19. In crimes which require force as an element in their commission, there is no difference between an assault with intent to commit and an attempt to commit. *Johnson* v. *State,* 14 *Ga.* 55 (2), 60. In the case at bar, as was said in the case of *Kelsey* v. *State*, 63 *Ga.* 559, "there is absolutely no evidence of an unsuccessful attempt—a mere assault." It is unquestionable that when the evidence justifies it, there may be a conviction for the offense of assault, under an indictment charging an assault and battery, just as there may be a conviction of an attempt to rape (that is, of assault with intent to rape: see *Johnson* v. *State*, 14 *Ga.* 55 (2), supra), under an indictment charging rape, although bare assault and assault with intent to rape are distinct substantive statutory offenses; but it must necessarily follow from those cases which hold that a conviction of assault with intent to rape can not be sustained where the evidence shows a consummated

rape, that there can not be a conviction of an attempt to commit a battery—that is to say, of a bare assault—where the evidence conclusively shows a consummated battery. The reason in one case applies with full force and vigor to the other. See *Kelsey* v. *State,* supra; *Harris* v. *State,* 101 *Ga.* 530 (29 S. E. 423); *Welborn* v. *State,* 116 *Ga.* 522 (42 S. E. 773). See also *Felton* v. *State,* 56 *Ga.* 84 (2); *Nichols* v. *State,* 72 *Ga.* 191. While in this case the indictment was for assault with intent to murder, the principle that a conviction of a bare assault will not be sustained where the evidence shows a completed battery is applicable; for the indictment charges and the proof establishes that the alleged attempt to murder was committed through a battery. There are cases, of course, where a conviction of a bare assault would be warranted under an indictment charging assault with intent to murder; as where one struck with a deadly weapon and missed, or made an ineffectual attempt to stab.

*Judgment reversed.*