## 2158. CARTER *et al. v.* THE STATE.

1. Under the provisions of the Penal Code, § 19, one charged with a mere assault can not lawfully be convicted when all the evidence shows a completed battery; but on the trial of one charged with riot, the fact that the evidence discloses that the rioters, charged with an unlawful assault by throwing rocks, actually succeeded in striking her whom they attempted to injure, does not create such a variance between the allegations and the proof as to entitle the defendants to a verdict of acquittal. Whether the defendants committed an assault or a battery is immaterial, where either is alleged as the mere method in which an alleged riot was committed.

2. An indictment charging that eight named defendants "did then and there, acting with a common intent, make an unlawful assault on one Janie Jones, and did then and there attempt a personal injury on said Janie Jones by throwing certain rocks at said Janie Jones," sufficiently described the offense of riot as defined in the Penal Code, § 354.

Accusation of riot; from city court of Elberton—Judge Tutt. August 31, 1909.

Argued October 25,—Decided November 9, 1909.

*George C. Grogan,* for plaintiffs in error.

*Samuel L. Olive, solicitor,* contra.

RUSSELL, J. Two questions are raised by this record. One is whether, upon an accusation charging a riot, in which it is alleged that the defendants assaulted the prosecutrix, it is competent to prove that the defendants not only assaulted, but beat the prosecutrix. That is, whether proof that the alleged rioters committed a battery, as well an assault upon the prosecutrix, creates such a variance between the allegations and the proof as to require the defendant's discharge. The second question arises upon the verbiage of the accusation, in that the only allegation which would tend to show that the offense charged was riot is that the defendants are alleged to have made an unlawful assault upon the prosecutrix with a common intent.

1. To be more specific in regard to the allegation of the accusation on the first point, it is perhaps proper to quote. The language employed is "did then and there, acting with a common intent, make an unlawful assault on one Janie Jones, and did then and there attempt to commit a personal injury on said Janie Jones by throwing rocks at said Janie Jones." The mere fact that the proof showed that the defendants not only attempted to commit a personal injury by throwing rocks, but that they succeeded in the

attempt, would not create a variance in any case where §19 of the Penal Code is not controlling.    See *Harris* v. *State, 3 Ga. App.* 457 (60 S. E. 127).    If the offense charged is riot, this would not cause such a variance between the allegation and the proof as would be prejudicial to the defendant, as depriving him of any right, and for that reason entitle him to be discharged.    So far as descriptive of the nature of the riot, battery, if proved, included assault.    The only difference between the two is that the accusation charges that the riot was committed by the defendant's attempt to commit a personal injury, and is silent as to whether the attempt was successful or unsuccessful.    The proof shows that the attempt charged was made as charged, and merely develops the additional fact that the attempt was successful by reason of the fact that some of the rocks thrown struck the prosecutrix.    Where the offense charged is riot, we think that the evidence that the prosecutrix was struck by one or two of the rocks might be considered by the jury as the highest proof that there was an intention to strike; and, therefore, it affords corroborative proof that the defendants attempted to commit a personal injury upon the prosecutrix.    There is no evidence that the rocks which struck the prosecutrix really injured her in the way of severely wounding her.    If the nature of the assault had been such that a felony had been committed, another and different question might be presented, but inasmuch as the only circumstance which appears from the evidence is that one or two of the rocks, thrown in carrying out the attempt charged (and the evidence does not disclose which one of the defendants threw these rocks), merely struck the prosecutrix, we think that evidence of this circumstance might be pertinent, just as in a prosecution for burglary it is permissible to show that the alleged burglar was in possession of articles which had been in the house burglarized prior to the burglary, although the particular articles may not have been mentioned in the indictment.

2. · The decision upon the second point seems to be controlled by the ruling in *Lock* v. *State, 122 Ga. 730* (50 S. E. 932), in which it was held that it was not necessary to allege that riot had been committed in the commission of an unlawful act, or in the commission of a lawful act in a riotous and tumultuous manner, but that it was sufficient if the act as alleged was really an unlawful act, or an act done in a riotous and tumultuous manner, provided that it

was alleged that the act charged was done by two or more persons acting with a common intent. We find no error in the judgment refusing a new trial. *Judgment affirmed.*