### 3379. OWENS v. THE STATE.

POWELL, J. 1. The evidence fully supports the verdict.

2. On account of the provisions of the Penal Code (1910), § 19, a prisoner can not be convicted of simple assault, where the only assault committed is consummated by a battery. An assault with intent to rape may be committed without a battery, and an indictment for this offense need not charge a battery; and under an indictment for this offense which does not allege a battery, the defendant can not be convicted of assault and battery. It follows that if the indictment be for assault with intent to rape and does not charge a battery, and the proof shows a mere assault and battery without any intent to rape, the defendant can not be convicted of any offense, but should be acquitted.

(a) In the present case the indictment charged assault with intent to rape, without charging a battery. That there was an assault and a battery was not denied, only the intent to rape being in issue. The exception to the charge is that the judge did not submit to the jury the question of the defendant's guilt of a simple assault. As the court instructed the jury that if they did not find that the defendant made the assault with the intent to commit rape, he should be acquitted, the exception is not well taken. Cf. *Carter* v. *State,* 7 *Ga. App.* 44 (65 S. E. 1072).               *Judgment affirmed.*

DECIDED JUNE 7, 1911.

Indictment for assault with intent to rape; from Chatham superior court—Judge Charlton. March 21, 1910.

*D. S. Atkinson,* for plaintiff in error.

*W. C. Hartridge, solicitor,* contra.