### 12432.   DALTON *v.* THE STATE.

1. The ground of the motion for a new trial based upon alleged newly discovered evidence cannot be considered, since there is no affidavit by the movant's counsel that they did not before the trial know of the existence of such evidence, and that it could not have been discovered by the exercise of ordinary diligence.
2. The charge of the court was full and fair and was not subject to the exception taken.
3. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

DECIDED JULY 12, 1921.

Indictment for assault with intent to rape; from Catoosa superior court — Judge Tarver.   March 25, 1921.

*W. E. Mann, Gordon Mann,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.

BROYLES, C. J.   The indictment in this case charged an as-

sault and *battery* with intent to commit rape, and this case is therefore distinguished from *Owens* v. *State*, 9 *Ga. App.* 441 (71 S. E. 680), relied on by counsel for the plaintiff in error; for in that case no *battery* was charged, and this court held that *as no battery was charged in the indictment,* the accused could not be convicted of an assault and battery.

Upon the trial the evidence adduced amply authorized a finding that an assault and battery had been committed by the accused, and did not demand a finding that it had been committed with intent to rape. The court therefore did not err in submitting to the jury the question whether the accused was guilty of an assault with intent to rape, or merely of an assault and battery. While it is true, as was stated by Judge Russell in *Gibson* v. *State,* 10 *Ga. App.* 117 (72 S. E. 944), that "an assault with intent to induce consent to sexual intercourse on the part of a female child under the age of consent is not assault and battery, but assault with intent to rape," it is also obviously true that if the assault and battery was made by the accused on the female child *without* the intent to induce her consent to sexual intercourse, but merely with intent to gratify his passion by rubbing his private parts upon some portion of her person, he would be guilty of an assault and battery, and not of an assault with intent to rape. These questions were properly submitted to the jury in the charge of the court, and the verdict of assault and battery was amply authorized by the evidence.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., dissents.*

BLOODWORTH, J., dissenting. I can not agree with the majority of the court in their opinion in this case, except as to the ruling stated in the first headnote. The evidence for the State was uncontradicted and unimpeached, and, if believed, demanded a verdict of guilty as charged. If the statement of the defendant was true, he should have been acquitted. There is no middle ground; and, in my opinion, it was error requiring the grant of a new trial for the judge to charge the jury on assault and battery. *Gibson* v. *State,* 10 *Ga. App.* 117 (72 S. E. 944).