## 15297.   PURSLEY *v.* THE STATE.

BROYLES, C. J.   1. The accusation was not subject to the ground of the demurrer which alleged that the accusation was duplicitous in that the defendant was charged with the commission of two offenses in the same count, to wit, assault and battery and riot.  See *Carter* v. *State,* 7 *Ga. App.* 44 (65 S. E. 1072) ; *Mitchell* v. *State,* 6 *Ga. App.* 554 (1) (65 S. E. 326).

2. The accusation was not bad in substance or in form because in the first count it charged the accused and his codefendants with riot, and in the second count charged them with assault and battery, since it appears from the accusation that both offenses were committed on the same person and on the same occasion, and constituted but one single transaction.  *Mitchell* v. *State,* supra; 22 Cyc. 399, 400; United States *v.* McFarlane, 1 Cranch C. C. 163; 26 Fed. Cas. No. 15,675.

3. One ground of the amendment to the motion for a new trial is as follows: " Because the court removed for cause, over objection, one Smith, a member of the venire of jurors because he was a member of an organization which had contributed certain funds in a treasury fund, out of which fund a portion of same was paid to counsel for movant, although said Smith swore that he was unaware of said fact, and was duly qualified otherwise to serve upon said panel of jurors; that movant then and there objected to said ruling, as depriving him of one of his constitutional rights, that he then and there excepted to said ruling as being error and contrary to law, still excepts, and assigns said ruling as one of the grounds of motion for a new trial." As pointed out by counsel for defendant in error in their brief: " From the ground of the motion  .  .  this court is left to conjecture as to the name and nature of the organization of which the juror was a member, the purpose of the organization, the interest of the organization in the defense of the movant, the amount of money contributed by the juror, and other facts which would help this court in passing upon the qualification of the juror, and which were before the trial judge when he held that the juror was disqualified." In the state of the record this court cannot hold, as a matter of law, that the judge abused his discretion in the premises.

4. The other assignments of error, not being referred to in the brief of counsel for the plaintiff in error, are treated as abandoned.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 11, 1923.

Accusation of riot; from city court of Waycross — Judge Crawley.  January 16, 1923.

*Aaron Kravitch,* for plaintiff in error.

*Benjamin G. Parks, solicitor,* contra.