## 18769. JACKSON *v.* THE STATE.

DECIDED APRIL 10, 1928.

*F. H. Colley, Hugh E. Combs,* for plaintiff in error.
*Joseph B. Duke, solicitor-general,* contra.

BLOODWORTH, J. The indictment charges Alex Jackson with the offense of a felony, for that he, "with force and arms, did un-

lawfully, wrongfully, and feloniously, with malice aforethought, make an assault on and upon L. L. Wyatt, a human being, in the peace of the State, with a certain pistol, the same being a weapon likely to produce death, and did with said weapon attempt to shoot and wound the said L. L. Wyatt, and with the intent the said L. L. Wyatt to kill and murder." The evidence shows that two county policemen "raided" a distillery. At the time of the raid Alex Jackson was there, and, upon the approach of the officers, ran, and was pursued by one of the policemen, named Wyatt. Wyatt testified: that he caught Jackson, and, when he did, Jackson "turned around and knocked me down, got on top of me and began to try to take my gun away from me, and I couldn't get him off me, and I began to shoot, and he was trying to take my gun. I got shot in the hand here myself, and I shot him through the side and through the arm, and I saw he was going to get my gun away from me, and I threw it over the wire fence, and he got up off me and got over the fence, and he was on one side of the fence and I was on the other, and I saw he was going to get hold of the gun and I grabbed him, and he dragged me through the fence and got the gun, and I took it away from him after I got over there. . . After I threw the gun over the fence he got up and went over the fence and got the gun, and I took it away from him just as soon as I could get over there. . . As to whether or not in the scuffle the pistol went off and shot me, both of us had hold of it. He was trying to take it away from me and I tried to hold it. . . I shot him in the arm and he turned the gun loose. He got over the fence and got the pistol, and gave it back to me when I got hold of it." The other policeman swore that after the difficulty Wyatt told him that when he caught Alex "he turned around and grabbed him and threw him down on the ground, and we had a tussle, and he was trying to get the gun away from me, and he got shot and I got shot in the tussle," and that "he threw the gun over the fence to keep Alex from getting it, and Alex dragged him over the fence, and both of us grabbed the gun about the same time." In his statement the accused denied that he had made any assault on policeman Wyatt, and stated that after Wyatt had shot him the second time "he was close enough to me for me to grab his pistol by the barrel. I grabbed the barrel and he was still trying to shoot me, and I was trying to keep it away. . . The scuffling came

about by his trying to get his pistol, and I tried to hold it, to keep him from killing me."

Under the indictment in this case no conviction of any offense could be legally sustained unless the offense grew out of the use of the pistol and as alleged in the indictment. The jury returned a verdict of assault. If the evidence showed any assault, it does not show an assault independent of some other crime. If the assault is embraced in any one of the offenses included in the charge of assault with intent to murder, under the pleadings and evidence the defendant could not have been legally convicted of a simple assault. Even if the evidence would support a conviction of a battery, this would not authorize a conviction of a simple assault. An assault is an attempt to commit a violent injury on the person of another; and where the offense attempted was actually perpetrated, the accused could not be convicted of the attempt. Penal Code (1910), § 19. "Where the evidence shows no assault other than one consummated by a completed battery, a verdict of simple assault is not lawful." *Harris* v. *State,* 3 *Ga. App.* 457 (60 S. E. 127); *Kennedy* v. *State,* 10 *Ga. App.* 794 (74 S. E. 95); *Brooking* v. *State,* 33 *Ga. App.* 49 (125 S. E. 504), and cit.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*