## 30260. RAY v. THE STATE.

NICHOLS, Chief Justice.
The defendant was indicted and tried for the offense of murder in Gilmer Superior Court. He was convicted and given a life sentence from which he appeals and enumerates eight alleged errors.

1. The first enumeration of error complains of the admission of certain evidence consisting of bloodstained carpet removed from the premises where the deceased and defendant lived. The evidence was removed during the initial investigation at the scene, and no motion to suppress was filed as required by Code Ann. § 27-313. Probable cause existed at the time the evidence was removed and when the defendant was arrested. It was not error to admit this evidence. See *Bridges v. State,* 227 Ga. 24, 25 (178 SE2d 861) (1970).

2. The second enumeration of error complains of the admission of an in-custody statement made by the defendant. The trial court conducted a hearing out of the presence of the jury to ascertain whether the statement was freely and voluntarily made. An agent of the Georgia

Bureau of Investigation testified that after he explained the defendant's rights to him three or four times to make sure he understood them, the defendant executed a written waiver of counsel and gave the statement complained of in this enumeration of error. The trial court made a determination that the statement was freely and voluntarily made, and the evidence produced at the hearing was sufficient to sustain such determination. There was no error in admitting this statement. *High v. State*, 233 Ga. 153, 154 (210 SE2d 673) (1974).

3. Enumerations of error numbers 3, 4, 5 and 8 complain of the sufficiency of the evidence, that the evidence did not exclude every other reasonable hypothesis and that the evidence did not authorize a charge on murder.

The victim was found lying on her back just outside the door of the trailer where she and the defendant lived. The evidence revealed that she and the defendant had been drinking and arguing during the day, that she had a 0.24% blood alcohol reading and that he had a 0.21% blood alcohol reading. A neighbor testified that at about 6 p.m. she heard a scream, ran to the door, saw the defendant pulling the deceased back into the trailer by the hair, saw the victim had blood on her face and appeared to be struggling to get away from the defendant. This witness further testified that about ten minutes later the defendant came to the witness' door and asked for help to take his "wife" to the doctor and stated that she was about dead. The witness then called the police who arrested the defendant at the scene.

The medical testimony showed that death was caused by shock from blows to the head and neck coupled with degenerative disease of the heart and brain with the most damaging blow being to the victim's neck.

The defendant testified that although he and the victim had argued, he had only struck her one time and that such blow was on the shoulder with the palm of his hand.

The evidence was sufficient to sustain the conviction as charged in the indictment, to wit: that the defendant did "kill one Jessie Waters Cox, a human being, by beating . . . [her] with his fist, and certain objects, the

exact description being unknown." These enumerations of error are without merit. *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461) (1974).

4. The sixth enumeration of error complains of the trial court's failure to charge on simple battery in connection with the charge on involuntary manslaughter. The court charged Code Ann. § 26-1103 (a) and then gave the definition of a felony and misdemeanor. The court also charged Code Ann. § 26-1301 on simple assault. The defendant argues that the evidence in the case shows if the defendant committed any act that was unlawful, it was nothing more than a simple battery and this would constitute only a misdemeanor. It is then contended that had the jury been given an opportunity to properly consider the definition of simple battery in connection with the charge on involuntary manslaughter and the evidence in the case, it would not have found him guilty of murder.

In *Brassell v. State,* 64 Ga. 318, 319 (1879), this court said: "Where no point is made that the facts make a case of involuntary manslaughter, either in argument before the court and jury or by request to charge the law thereon, the court need not instruct the jury touching that grade of homicide further than to read the sections of the Code thereon, unless the facts place such an issue prominently in the case."

In the case sub judice the defendant's contention was that the deceased met her death by accident when she stumbled into the door frame, hit her head and fell out of the door onto the ground. If the jury had accepted such contention, it would have found the death to be accidental and acquitted the defendant. While the evidence may have authorized a verdict of involuntary manslaughter, it did not demand such a verdict and in the absence of a request for a more complete charge on the subject, the trial court did not err in failing to expound thereon beyond the charge given. This enumeration of error is without merit.

5. The seventh enumeration of error complains of the charge of the trial court dealing with malice. In instructing the jury as to what should be considered in determining whether malice existed, the judge referred to

"the killing." It is contended that this language constituted an opinion of the trial court in violation of Code § 81-1104. Inasmuch as the jury would not be called upon to determine whether malice existed until it had determined that a "killing" had taken place, such terminology by the trial court would not constitute an expression of opinion resulting in reversible error under Code § 81-1104, supra. This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only.*

SUBMITTED AUGUST 22, 1975 — DECIDED OCTOBER 28, 1975.

*Roger E. Bradley,* for appellant.

*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley, Staff Assistant Attorney General,* for appellee.