## 58226. JARRARD v. THE STATE.

BIRDSONG, Judge.

Appellant Ronald Jarrard was convicted of aggravated battery, the victim Griffin having had his spleen removed as a result of a fight with appellant. The evidence shows that the victim repeatedly invited appellant to "scrap," and these two friends engaged in a junkyard bout in which appellant was finally kicked or pulled off the victim by three other friends. Griffin, who had no weapon, was bleeding profusely. All witnesses saw Jarrard make repeated pounding motions with his fist, but they could not tell whether he used a knife. The two physicians who treated the victim found numerous clean-edged uniform wounds made five to six inches deep with a sharp blade-like instrument which, in both doctor's opinions, was a knife. Appellant cites twelve enumerations of error, enumeration four having been stricken by amendment. *Held:*

1. Appellant's first enumeration of error contends the court erred in allowing the case to proceed to trial less than ten days after appellant was indicted. The incident giving rise to the offense in this case occurred September 24, 1978. On September 29, appellant was represented by counsel at a committal hearing in his behalf. Indictment issued five months later, on February 26, 1979, with new counsel appointed in time to have five working days' preparation for trial on March 7, 1979. We find no abuse of discretion in the trial court's denial of counsel's motion for continuance prior to trial, especially since appellant had five months in which to prepare a defense, and his counsel announced "ready" at trial. *Cooper v. State,* 148 Ga. App. 301 (251 SE2d 157); *Williams v. State,* 148 Ga. App. 55 (250 SE2d 848); see especially *Lindsey v. State,* 138 Ga. App. 377, 379 (226 SE2d 473).

2. Appellant, in enumerations of error 2 and 5, maintains that the evidence is completely lacking and insufficient in the use of a knife by appellant, and that therefore the court's charge on aggravated battery was erroneous, misleading, and incomplete; and the charge on justification misleadingly suggested appellant used a knife. We do not find the court's charge in these respects to

be erroneous, misleading or inconsistent with the evidence or the law (Code Ann. §§ 26-902 and § 26-1305).

3. Appellant's third enumeration is without merit. There appellant contends that the charge on aggravated assault as "a felony of less serious degree than that charged in the indictment" was error. We do not find this to be an incorrect statement of law, nor do we find it to be misleading or commentative of the evidence, and appellant has presented no citation of authority or argument to show otherwise. *Summerfield v. DeCinque,* 143 Ga. App. 351, 352 (238 SE2d 712).

4. Enumeration of error 6 complains of the failure of the court to charge simple assault. The evidence in this case does not authorize a charge on simple assault. The evidence shows conclusively that if the appellant attempted to commit violent injury to the victim, or placed **the victim in reasonable apprehension of immediately receiving a violent injury** (Code § 26-1301), he accomplished both ends, and the offense was thus aggravated assault, battery, or aggravated battery, all of which were properly charged. See *Ray v. State,* 235 Ga. 467, 469 (219 SE2d 761); *Welborn v. State,* 116 Ga. 522, 524 (42 SE 773); *Harris v. State,* 101 Ga. 530 (29 SE 423); *Sheffield v. State,* 124 Ga. App. 295, 298 (183 SE2d 525).

5. Enumerations of error 7 and 13, urging that the court erred in failing to charge "consent" and mutual combat are without merit. We find no basis in law or on the facts in evidence to support a charge which would permit the jury to find that the victim, by starting the fight, "consented" to the injuries he received or to the appellant's actions. The theory of defense apparently intended by appellant is adequately covered by the court's charge on mutual combat, justification, and self-defense.

6. Enumerations of error 8 and 9, which cite the court's admission of testimony that appellant had been seen carrying a knife on previous occasions and had been known for fighting, present nothing for decision, since no objection was made at trial. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762); *Lindsey v. State,* supra; *Reid v. State,* 137 Ga. App. 495 (224 SE2d 482).

7. Appellant's enumerations of error 10, 11 and 12

address the general grounds and are without merit. The evidence, though circumstantial as to appellant's use of a knife, is entirely sufficient to be consistent with the hypothesis of appellant's guilt and to exclude every other reasonable hypothesis. Code Ann. § 38-109; *Denham v. State,* 144 Ga. App. 373, 374 (241 SE2d 295). Appellant's defense is that the victim's wounds could have been, and were, made by glass or metal objects on the junkyard ground where the fight took place; but the victim felt the first "sting" while standing, and both physicians denied any reasonable possibility that the many uniform wounds were caused by glass, or by any object but a knife. No reasonable conclusion appears from this evidence except that the victim lost his spleen as a result of knife wounds inflicted by appellant; this constitutes aggravated battery, and the jury having found it so, we will not reverse.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JULY 10, 1979 — DECIDED OCTOBER 5, 1979 — REHEARING DENIED NOVEMBER 27, 1979 —

*John Crudup, Beth Boston,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.