60978. WEBB et al. v. THE STATE.

BANKE, Judge.

James Lloyd Webb, Gilbert Webb, and Kenneth Milton Hall were jointly tried for aggravated assault, based on an indictment charging them with using their fists and feet against Gilbert Wayne Sewell as deadly weapons. Gilbert Webb was acquitted. James Lloyd

Webb and Kenneth Milton Hall were both found guilty of simple assault as a lesser included offense. They appeal jointly to this court, enumerating 14 alleged errors.

James Lloyd Webb had formerly been employed by the victim, Sewell, and as a part of his compensation had been provided with a mobile home in which to live. In March of 1978, Sewell terminated the employment relationship but told Webb that he could remain living in the mobile home at a monthly rent of $120. Webb continued living in the mobile home but did not pay any rent, nor did he pay his utility bill, nor did he pay for groceries which he purchased on credit from a grocery store owned and operated by Sewell. Webb left the mobile home after Sewell cut off the electricity a month later. Several months after this, Webb came to Sewell's store in the company of his brother Gilbert seeking to recover an automobile engine which he had left in a shed near the mobile home. Sewell refused to give them access to the shed at that time, whereupon the brothers left, broke into the shed, and took the engine. When Sewell learned of this, he swore out warrants against both of them for burglary.

Two weeks later, appellant Webb, who at that time was employed as a farm hand by appellant Hall, asserted in the presence of several other persons, including Hall, that he intended to go to Sewell's store and whip him. Hearing this, Hall responded by driving Webb to the store in his pickup truck. Several other persons, including Gilbert Webb, accompanied them, riding in other vehicles. Upon his arrival at Sewell's store, appellant Webb immediately went inside, grabbed Sewell, dragged him in front of the counter, and began beating him. Hall then entered the store, grabbed Sewell by the leg, and dragged him outside to the waiting crowd, while Webb continued to beat him. Sewell made no attempt to fight back, and Hall eventually stopped the fight. *Held:*

1. The appellants contend that a conviction for simple assault is precluded because the evidence shows without dispute that the assault was consummated by the commission of an actual battery. This contention is supported by numerous older cases construing the language of Code § 27-2508 and its predecessors, which prohibited conviction for an attempt to commit an offense "where it shall appear that the . . . offense attempted was actually perpetrated . . ." See, e.g., *Kelsey v. State,* 62 Ga. 558 (1879); *Harris v. State,* 3 Ga. App. 457 (60 SE 127) (1907); *Owens v. State,* 9 Ga. App. 441 (2) (71 SE 680) (1911); *Brooking v. State,* 33 Ga. App. 49 (125 SE 504) (1924); *Popham v. State,* 120 Ga. App. 517 (1) (171 SE2d 388) (1969); *Diamond v. State,* 126 Ga. App. 580 (4) (191 SE2d 492) (1972). However, in *Scott v. State,* 141 Ga. App. 848 (1) (234 SE2d 685) (1977), this court overruled *Diamond v. State,* supra, and held as follows: "Code §

27-2508 is no longer in force as it was impliedly repealed by Code §§ 26-1004 and 26-1303 of our Criminal Code of 1968 [which] are clearly repugnant to and inconsistent with Code § 27-2508. Code § 26-1303 states: 'A person may be convicted of an assault with intent to commit a crime if the crime intended was actually committed as a result of the assault but may not be convicted of both the assault and completed crime.' Code § 26-1004 provides: 'A person may be convicted of criminal attempt if the crime attempted was actually committed in pursuance of the attempt but may not be convicted of both the criminal attempt and the completed crime.' Thus it is presently lawful to convict for simple assault even though the proof shows that a battery was committed because by definition an assault is nothing more than an attempted battery. See Code § 26-1301." *Id.* at 849. Accord, *Williams v. State,* 141 Ga. App. 201 (233 SE2d 48) (1977).

We find nothing in *Arnett v. State,* 245 Ga. 470 (2) (265 SE2d 771) (1980) which is inconsistent with the *Scott* decision. That case merely holds that the trial court is not "required" to give a requested charge on simple assault in a case where the evidence shows that a battery was committed; it does not hold that to give such a charge would be error. This court's holding in *Jarrard v. State,* 152 Ga. App. 553 (4) (263 SE2d 444) (1979) is inapposite for the same reason. See generally *Smith v. State,* 140 Ga. App. 395 (1) (231 SE2d 143) (1976).

2. The evidence was sufficient to convict Hall as a party to the crime. See generally Code Ann. § 26-801. It is undisputed that he drove Webb to the store with knowledge of, and indeed because of, Webb's intentions. It is also undisputed that he actively participated in the fray upon their arrival there by pulling the combatants outside where the crowd could see them.

3. Webb moved for a mistrial in response to Sewell's testimony that an unidentified woman and her children had moved into the mobile home with Webb during his tenancy there, contending that this evidence placed his character in issue because it implied that he was living with the woman in an immoral relationship. This contention is without merit. There was no suggestion that the relationship was meretricious; and, for all the jury knew, the two may have been related. While the testimony was of doubtful relevancy, it had no significant potential for prejudicing Webb and did not deprive him of a fair trial.

4. Webb also objected to Sewell's testimony that he (Webb) did not pay his rent, grocery, or utility bills, arguing that this placed his character in issue by making him look like a "deadbeat." The testimony was nevertheless admissible to explain the growth of the hostilities between the two, since Sewell testified that it was as a result of Webb's failure to pay his bills that he cut off the electricity to

the mobile home, forcing Webb to move out. See generally *Tuzman v. State,* 145 Ga. App. 761 (1a) (244 SE2d 882) (1978).

5. The relevance of Sewell's testimony that he had purchased $850 worth of furniture to furnish the trailer before Webb moved in is less clear; however, as this evidence could not have had any prejudicial impact on Webb or his case, its admission did not constitute reversible error.

6. The court did not err in admitting Sewell's testimony that an acquaintance had told him that the Webb brothers had broken into his shed and taken something from it. Hearsay is admissible to explain conduct. Code § 38-302. This testimony explained why Sewell swore out burglary warrants against the Webbs, which in turn explained appellant Webb's subsequent display of physical violence against Sewell. "Although the better practice is to bring out the fact of the conversation without relating the exact words used, where the details are given there is no reversible error unless the words are prejudicial. *Kelly v. State,* 82 Ga. 441 (9 SE 171) (1889)." *Arnold v. State,* 236 Ga. 534 (5), 537 (224 SE2d 386) (1976). The details of the conversation were not prejudicial and concerned facts which were undisputed.

Sewell also testified that he had heard the acquaintance's story from his (Sewell's) wife before hearing it directly from the acquaintance. Although this testimony was double hearsay, its admission was harmless since it was merely cumulative of Sewell's own conversation with the acquaintance.

7. The appellants enumerate as error the admission of "mug shots" taken of them subsequent to their arrest. These photographs were totally irrelevant to the case, as it was undisputed that the appellants were the assailants. The state's argument that the photographs were relevant to show the appellants' height at the time of the incident and thereby to establish that their fists were deadly weapons is quite strained in view of the fact that both appellants were present in the courtroom and presumably had not shrunk during the period following their arrest. We further agree with the appellants that the photographs were potentially prejudicial in that they were obviously mug shots and thus could easily have given the jury the impression that the appellants had been in trouble with the law on some previous occasion. See Barnes v. United States, 365 F2d 509 (D. C. Cir., 1966); Blue v. State, 235 NE2d 471 (30 ALR3d 902) (Ind. 1968). See generally Annotation: Mug Shots — Admissibility — Prejudice, 30 ALR3d 908. However, considering the nature of the offense at issue in this case and the overwhelming evidence of guilt, we find a high probability that the error did not contribute to the verdict and therefore hold that it was harmless. See *Johnson*

*v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

8. Appellant Hall contends that the court erred in allowing the state to ask him the following question on cross examination, over his objection that it was a hypothetical question based on facts not in evidence: "If the defendant Lloyd Webb had said, 'I'm going to the store to whip Gil Sewell's ass and I want to borrow one of your trucks to go,' would you have loaned it to him for that purpose?" This question was not asked in an attempt to elicit an expert opinion from Hall but to determine his own state of mind at the time of the incident. Thus, the question was not objectionable simply because it was phrased as hypothetical. In any event, no harm could have come from the question, since Hall answered that he didn't know what he would have done under the circumstances posed to him.

9. The trial court did not err in charging the jury on the law of conspiracy, although a conspiracy was not charged in the indictment. See *Jones v. State,* 243 Ga. 820 (11) (256 SE2d 907) (1979); *Scott v. State,* 229 Ga. 541, 544 (192 SE2d 367) (1972). There was ample evidence to authorize the conclusion that the appellants had acted in concert and with the common design of causing the commission of a crime. The charge given was a correct statement of the law and was not misleading or confusing. While the appellants urge on appeal that, had they known a conspiracy was to be charged, each of them would have objected to statements which the other made to police, we have been cited no example of any such objectionable statement from the transcript.

10. For the reasons set forth in Division 1, supra, the trial court did not err in charging the jury on simple assault as a lesser included offense to aggravated assault.

11. The appellants object to the following condition of their probation: "Neither the defendant nor any of his agents and employees shall go on the premises of the grocery store operated by Gilbert Wayne Sewell . . . during the term of this probation sentence." The basis for the claim of illegality is that they have no control over the actions of their agents and employees during non-working hours. However, to the extent that the appellants have no control over their agents and employees, the latter would not be acting as their agents and employees. This enumeration of error is without merit.

12. The remaining enumerations of error have been carefully considered and have also been determined to be without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 3, 1980 — DECIDED NOVEMBER 26, 1980.

*Glenn Whitley,* for appellants.

*Thomas H. Pittman, District Attorney,* for appellee.