S99A1718. RITTENHOUSE v. THE STATE.
S99A1721. TAYLOR v. THE STATE.
(526 SE2d 342)

BENHAM, Chief Justice.

Terry Hall was found dead after an altercation with appellants Jerry Joe Rittenhouse and Matthew Adam Taylor at a nightclub.[1] The altercation allegedly started over a woman appellant Taylor was dating. Hall left the nightclub in his vehicle and was followed by appellants Rittenhouse and Taylor in one vehicle and by appellant Rittenhouse's twin brother and others in another vehicle. Appellant

---

[1] The crime was committed on March 6, 1998. On November 13, 1998, appellants Rittenhouse and Taylor were indicted for malice murder, felony murder, aggravated assault, aggravated battery, and involuntary manslaughter. Appellants were tried on February 15 through February 19, 1999. Both appellants Rittenhouse and Taylor were convicted of all charges on February 19, 1999, and both were sentenced to life in prison for the felony murder conviction on April 28, 1999, with the assault and battery charges merging into the felony murder count. The malice murder and involuntary manslaughter counts were treated as surplusage. Appellant Rittenhouse filed a motion for new trial on May 27, 1999, which was denied on July 7, 1999. Appellant Taylor filed a motion for new trial on May 24, 1999, which was denied on July 7, 1999. Appellant Rittenhouse filed a notice of appeal on August 4, 1999, which was docketed in this Court on August 18, 1999. Appellant Taylor filed a notice of appeal on July 16, 1999, which was docketed in this Court on August 18, 1999. Both cases were submitted for decision on briefs.

Rittenhouse forced Hall's vehicle off the road and a fight ensued between Hall and appellants that resulted in Hall being severely injured. The injuries Hall received in the fight were not life threatening. However, appellant Rittenhouse kicked Hall into a drainage ditch full of water where Hall drowned.

1. Appellant Rittenhouse contends that the felony murder verdict was contrary to the law and evidence. Appellant Taylor, in his sole enumeration of error, also contends that the evidence was insufficient to support the felony murder verdict against him. We conclude that the evidence was sufficient to enable the jury to find beyond a reasonable doubt that both appellant Rittenhouse and appellant Taylor were guilty of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Dupree v. State*, 247 Ga. 470 (277 SE2d 18) (1981). Both men perpetrated an aggravated assault upon the victim which "directly and materially contributed to the happening of a subsequent accruing immediate cause of the death." *Redfield v. State*, 240 Ga. 460 (1) (241 SE2d 217) (1978).

We also note that the trial court treated appellants' malice murder convictions as surplusage and sentenced them only on the felony murder convictions. When a jury returns guilty verdicts on both felony murder and malice murder convictions arising from the death of one person, the felony murder conviction, not the malice murder conviction, stands vacated by operation of law. *Williams v. State*, 270 Ga. 125 (4) (508 SE2d 415) (1998). However, since life imprisonment is an appropriate sentence for both felony murder and malice murder, appellants have suffered no harm from the trial court's action. Id.

2. In his third enumeration of error, appellant Rittenhouse asserts that it was error for the trial court to fail to charge the jury on proximate cause. Since it appears that appellant Rittenhouse did not object or reserve the right to object to the trial court's failure to charge the jury on proximate cause at trial, he has not preserved this issue for appeal. *Pruitt v. State*, 258 Ga. 583 (14) (373 SE2d 192) (1988); *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980). Thus, we do not address this argument.

3. In his fourth enumeration of error, appellant Rittenhouse contends that it was error for the trial court to admit a booking photograph that depicted appellant at the time he was admitted to jail. Appellant Rittenhouse asserts the admission of the booking photograph prejudiced the jury against him and that the photograph had no probative value. The trial court did not err in admitting the photograph into evidence. The photograph was relevant to identify appellant Rittenhouse and to show how he appeared at the time of the crime. *Drane v. State*, 265 Ga. 255 (12) (455 SE2d 27) (1995). Appellant Rittenhouse had so dramatically changed his appearance since the time of the crime that many witnesses had difficulty distinguish-

ing between him and his twin brother, who was a codefendant. The two brothers were easily distinguishable at the time of the crime. Since booking photographs have been held not to inject character into evidence because they do not suggest that the defendant has committed previous crimes, appellant Rittenhouse has failed to demonstrate how the admission of the photograph prejudiced him. *Edmond v. State*, 228 Ga. App. 695 (2) (492 SE2d 583) (1997).

4. In his fifth enumeration of error, appellant Rittenhouse argues that the trial court erred in admitting evidence that on two other occasions, appellant Rittenhouse, along with others, severely attacked three men as a result of arguments over women. In order for evidence of prior bad acts to be admissible, the State must demonstrate the following three elements: First, the evidence must be admitted for an appropriate purpose and should not raise an improper inference regarding the character of the accused. Second, there must be sufficient evidence that the accused committed the independent act. Finally, a sufficient similarity or connection must exist between the independent act and the crime charged such that the former tends to prove the latter. *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991).

The trial court conducted a hearing to determine the admissibility of the similar transaction evidence. At the hearing, the State declared that it was presenting the evidence to show appellant Rittenhouse's intent and course of conduct, purposes which are recognized as appropriate. *Andrews v. State*, 267 Ga. 473 (2) (480 SE2d 29) (1997). The State indicated there would be testimony from one witness who would testify that he witnessed appellant Rittenhouse and two others pull a man from a truck and attack him so severely that he had to be hospitalized. The attack stemmed from an argument over a woman. The State also indicated there would be testimony from two witnesses that appellant Rittenhouse, his twin brother, and two others severely attacked two men who had to obtain medical treatment as a result, again arising from an argument over a woman. This evidence was sufficient for the trial court to conclude that appellant had committed the similar previous acts and that the previous acts were sufficiently similar. *Smith v. State*, 237 Ga. App. 582 (516 SE2d 92) (1999). We conclude that the trial court did not err in admitting the similar transaction evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 14, 2000.

*Donald R. Donovan,* for appellant (case no. S99A1718).
*John F. McClellan, Jr., William A. O'Dell,* for appellant (case no. S99A1721).

*Tambra P. Colston, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.