### A05A0442. HUNTER v. THE STATE.

(614 SE2d 179)

BARNES, Judge.

Gregory Hunter appeals his convictions for possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and possession of a controlled substance, MDMA. On appeal, Hunter contends the trial court erred by admitting his booking photograph in evidence, by allowing testimony that it is not unusual for suspects to consent to search their vehicles even though drugs are then found in them, and by admitting in evidence a *Miranda* rights warning form showing that Hunter refused to sign the form. He also contends his trial defense counsel was ineffective because he failed to object during the prosecution's closing argument when the prosecutor stated that the police had tried to find DNA on the drugs when the evidence did not support this statement. Finding no reversible error, we affirm.

The principles applicable to appellate review of a criminal conviction are stated in *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in the light most favorable to the verdict, the evidence shows that officers reacting to information from a confidential informant went to Hunter's place of business attempting to obtain his consent to search his truck. After Hunter consented, the officers searched the truck and found the drugs that are the subject of the charges for which Hunter was convicted. The case went to trial, and the jury convicted Hunter of possessing cocaine and marijuana with the intent to distribute and of possessing the controlled substance MDMA.

1. Hunter contends the trial court erred by allowing the prosecution to introduce the booking photograph taken following his arrest

on these charges because he alleges that this placed his character in issue and deprived him of a fair trial. Hunter relies upon *Webb v. State*, 156 Ga. App. 623, 626 (7) (275 SE2d 707) (1980):

> The state's argument that the photographs were relevant to show the appellants' height at the time of the incident and thereby to establish that their fists were deadly weapons is quite strained in view of the fact that both appellants were present in the court-room and presumably had not shrunk during the period following their arrest. We further agree with the appellants that the photographs were potentially prejudicial in that they were obviously mug shots and thus could easily have given the jury the impression that the appellants had been in trouble with the law on some previous occasion. [Cits.]

Relying on *Rittenhouse v. State*, 272 Ga. 78, 79-80 (3) (526 SE2d 342) (2000), the State contends that the photograph containing information about Hunter's height and weight was relevant because Hunter was contesting his identification by the confidential informant. The State's reliance on *Rittenhouse* is misplaced, however, because Rittenhouse had "so dramatically changed his appearance since the time of the crime," as to make the booking photograph relevant to show his appearance at that time, and in this case no such evidence exists. Id. Nevertheless, we find no reversible error because the testimony was that the booking photograph was from this case and that it depicted Hunter's appearance on the night he was arrested. "Because the record shows that the jury was told the photograph was taken the night of [Hunter's] arrest, the photograph's admission did not suggest that [he] was guilty of any previous crime or otherwise inflame the jury. [Cits.]" *Edmond v. State*, 228 Ga. App. 695, 695-696 (2) (492 SE2d 583) (1997). Further, in light of the overwhelming evidence of guilt, "we find a high probability that the error did not contribute to the verdict and therefore hold that it was harmless. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976)." *Webb*, supra, 156 Ga. App. at 626-627.

2. Hunter also contends the trial court erred by allowing officers to testify that it is not unusual for suspects to consent to search their vehicles even though drugs are then found in them because this information was not beyond the ken of the average juror, and thus not a proper subject of expert testimony. Review of the transcript, however, shows that the first time this testimony was presented Hunter did not object at all, and on the second occasion, Hunter's objection was, "Your Honor, I'm going to object unless she's specifically addressing questions related to this particular witness here." Under this

record, the issue Hunter raises is not properly before us. To preserve an issue for appeal, an objection must be made at the time it is actually offered; it is too late to urge objections as to the admission of evidence after it has been admitted without objection. *Glisson v. State*, 165 Ga. App. 342, 343 (5) (301 SE2d 62) (1983). Moreover, the only objection Hunter raised below was not the same one he now asserts in his enumeration of error and brief. Therefore, he has waived all issues of admissibility to which he failed to pose a timely, specific objection at trial, *Ray v. State*, 187 Ga. App. 451, 452 (370 SE2d 629) (1988), and we will not consider an argument raised for the first time on appeal. *Cooper v. State*, 173 Ga. App. 254, 256 (1) (325 SE2d 877) (1985). Accordingly, this enumeration of error is without merit.

3. Hunter also alleges that the trial court erred by admitting in evidence a *Miranda* rights warning form that showed he refused to sign the form. Hunter moved for a mistrial, but his motion was denied. The evidence shows, however, that Hunter was warned of his rights and that he made a statement to the police. Nevertheless, Hunter now contends that admitting the rights waiver form showing that he refused to sign it violated his right against self-incrimination. We find no merit to this argument because "refusal to sign a waiver form does not constitute an invocation of the right to remain silent or the right to counsel." *Aldridge v. State*, 258 Ga. 75, 76 (3) (365 SE2d 111) (1988). Accordingly, this enumeration of error is without merit.

4. Hunter contends his trial defense counsel was ineffective within the meaning of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), because he failed to object during the prosecution's closing argument after the prosecutor stated that the police unsuccessfully looked for DNA on the drug packages, when the evidence showed that the police looked for fingerprints, not DNA.

When reviewing a claim of ineffectiveness of counsel, we need not address both components of an ineffective assistance of counsel claim if the appellant makes an insufficient showing of one, and the components need not be addressed in any particular order. *Thompson v. State*, 191 Ga. App. 906 (1) (383 SE2d 339) (1989). Because we find no reasonable probability that the result of this trial would have been different if counsel had objected to the prosecutor's argument, *Young v. State*, 191 Ga. App. 651, 653 (2) (382 SE2d 642) (1989), we need not address whether the failure to object meant that Hunter's trial counsel's performance was deficient within the meaning of *Strickland*. Error by counsel, even if unreasonable professionally, does not warrant reversal if the error had no effect on the judgment. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 20, 2005.

*Zipperer, Lorberbaum & Beauvais, Alex L. Zipperer, Eric R. Gotwalt*, for appellant.

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellee.