NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: December 20, 2024

S24A1065.  TAYLOR v. THE STATE.

LaGrua, Justice.

In 1999, Appellant Matthew Taylor was convicted of felony murder and related crimes in connection with the death of Terry Hall and was sentenced to life in prison. This Court affirmed Taylor's convictions and sentence on direct appeal in *Rittenhouse v. State*, 272 Ga. 78 (526 SE2d 342) (2000).[1] More than 23 years later, on December 7, 2023, Taylor returned to the trial court pro se and filed an "Extraordinary Motion for New Trial Pursuant to Criminal Trial Ending in 'Mutually Exclusive Jury Verdict,'" raising state and federal constitutional claims of trial court error and ineffective assistance of counsel arising from his 1999 criminal trial. The trial court dismissed Taylor's motion, and Taylor now appeals. For the

---

[1] Taylor's direct appeal was consolidated with the direct appeal of his co-defendant Jerry Rittenhouse. See *Rittenhouse*, 272 Ga. at 78 n.1.

reasons explained herein, we affirm the trial court's order of dismissal on grounds other than those relied upon by the trial court.

Taylor's extraordinary motion maintained that the trial court erred by accepting jury verdicts which he argued were mutually exclusive, that the trial court erred at sentencing by imposing a sentence based on those verdicts, and that his trial counsel was ineffective by failing to object to a sentence predicated on those verdicts. Taylor contends that these alleged errors, along with the ineffectiveness of his trial counsel, deprived him of his rights to due process, equal protection, and to a jury trial under the Georgia Constitution, along with rights afforded to him under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

The problem for Taylor is that constitutional claims cannot be raised in an extraordinary motion for new trial. Instead, the exclusive post-appeal procedure for constitutional claims – like those raised by Taylor here – lies in habeas corpus. See *Smith v. State*, 276 Ga. 14, 15 (1) (573 SE2d 64) (2002) ("Habeas corpus is the

2

exclusive post-appeal procedure available to a criminal defendant who asserts the denial of a constitutional right") (citations omitted)), disapproved on other grounds by *Wilkes v. Terry*, 290 Ga. 54 (717 SE2d 644) (2011); *Mitchum v. State*, 306 Ga. 878, 884-885 (1) (c) (834 SE2d 65) (2019) (explaining post-appeal constitutional claims are "not properly raised" in an extraordinary motion for new trial and reaffirming that "constitutional matters that are exclusively governed by the adequate remedy of habeas corpus cannot be pursued through [an extraordinary motion for new trial]") (footnote omitted)). Accordingly, we express no opinion as to the viability of Taylor's claims because he has used the wrong vehicle to pursue them. And, when such claims are improperly raised in an extraordinary motion for new trial, the only appropriate action is to dismiss the motion. See e.g. *Chaney v. State*, 317 Ga. 181 (1) (81 SE2d 775) (2023) (affirming dismissal of extraordinary motion for new trial where defendant raised only ineffective assistance of counsel claims because an adequate alternative remedy existed in

the form of habeas corpus) (citing *Mitchum*, 306 Ga. at 887 (2))).[2] In sum, because Taylor's direct appeal has concluded, see *Rittenhouse*, 272 Ga. at 78 (1), the constitutional claims that he seeks to raise here are governed exclusively by habeas corpus and are not properly presented in an extraordinary motion for new trial. *See Mitchum*, 306 Ga. at 884-885 (1) (c); *Smith*, 276 Ga. at 15 (1).

While the trial court should have dismissed on this basis, we do not fault its attempt to construe Taylor's unclear filing by "look[ing] to substance over form." *Waye v. State*, 239 Ga. 871, 875 (238 SE2d 923) (1977). Notwithstanding any error in the trial court's construction of Taylor's extraordinary motion, the correct outcome was reached by dismissing it. We therefore affirm the trial court's order dismissing Taylor's extraordinary motion for new trial.

*Judgment affirmed. All the Justices concur.*

---

[2] That Taylor may face steep procedural hurdles in a habeas proceeding does not mean his claims can properly be raised in an extraordinary motion for new trial.